LAWRENCE v DEPARTMENT OF CORRECTIONS

Docket No. 78-326. Submitted November 7, 1978, at Lansing.—Decided January 16, 1979. Leave to appeal applied for.

James Lawrence, an inmate at the State Prison of Southern Michigan, was found guilty by a prison disciplinary committee of violation of a prison rule. That decision was upheld by the prison warden, and Lawrence thereafter filed a complaint in circuit court seeking judicial review pursuant to the Administrative Procedures Act. The defendant Department of Corrections moved for accelerated judgment on the basis that the Administrative Procedures Act does not apply to prison disciplinary proceedings. The Ingham Circuit Court, Michael G. Harrison, J., denied that motion, ruling that a prison disciplinary hearing is a contested case and that an aggrieved inmate can seek judicial review. Defendant appeals by leave granted. *Held:*

The statutory definition of a "contested case" is plain and unambiguous and a prison disciplinary hearing falls squarely within that definition. The plaintiff is entitled to the safeguards set forth in the Administrative Procedures Act, and to a judicial review of the disciplinary hearings.

Affirmed.

1. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DEPARTMENT OF CORRECTIONS — STATUTES.

The Department of Corrections is an agency for purposes of the Administrative Procedures Act, and all agency proceedings are governed by the act unless expressly exempted (MCL 24.203[2], 24.313; MSA 3.560[103][2], 3.560[213]).

2. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — CONTESTED CASE — JUDICIAL REVIEW — STATUTES.

A party to an agency proceeding which qualifies as a contested case under the Administrative Procedures Act is entitled to

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 201-204.
[2] 2 Am Jur 2d, Administrative Law § 560.
[3] 73 Am Jur 2d, Statutes § 254.
[4] 60 Am Jur 2d, Penal and Correctional Institutions § 45.

certain procedural safeguards and to judicial review of the agency proceedings (MCL 24.271 *et seq.,* 24.301; MSA 3.560[171] *et seq.,* 3.560[201]).

3. STATUTES — CONSTRUCTION OF STATUTES — JUDICIAL CONSTRUCTION.

Judicial construction of a statute or attempted interpretation to vary the plain meaning of a statute is precluded where there is no necessity to reconcile conflicting statutes, where there is no absence of adequate definitions of relevant terms, and where the statutory language is plain and unambiguous.

4. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — PRISONS — PRISON DISCIPLINARY HEARING — STATUTES.

A prison disciplinary hearing is a contested case under the provisions of the Administrative Procedures Act and the parties to such a hearing are entitled to the procedural safeguards of the act and have the right to judicial review (MCL 24.203[3], 24.271 *et seq.,* 24.301; MSA 3.560[103][3], 3.560[171] *et seq.,* 3.560[201]).

James Lawrence, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas L. Casey,* Assistant Attorney General, for defendant.

Before: D. F. WALSH, P.J., and T. M. BURNS and D. E. HOLBROOK, JR., JJ.

D. F. WALSH, P.J. Defendant Department of Corrections appeals by leave granted from the order of the Ingham County Circuit Court denying the defense motion for accelerated judgment. The court ruled, *inter alia,* that a prison misconduct hearing is a "contested case" within the meaning of Michigan's Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* Defendant's appeal is limited to the issue presented in this portion of the trial judge's ruling. We affirm.

Plaintiff James Lawrence was an inmate at the State Prison of Southern Michigan at Jackson. On

August 3, 1976, a misconduct report was filed against him. It was alleged that he had violated the prison rule against possession of marijuana. After an August 6, 1976, hearing, plaintiff was found guilty and was sentenced to detention for five days, transferred from medium to close security and from the Trusty Division of the prison to close custody. A recommendation that his good time be reviewed was made to the warden. Notice of the misconduct determination was placed in files available to the parole board and other Department of Corrections officials. Plaintiff appealed and the decision of the disciplinary committee was upheld by the warden on August 11, 1976.

Plaintiff filed a complaint in circuit court seeking judicial review under the Administrative Procedures Act, MCL 24.301; MSA 3.560(201). Defendant moved for accelerated judgment asserting that the APA did not apply to prison misconduct proceedings. The trial judge ruled that a prison disciplinary hearing is a "contested case" and that an aggrieved inmate can seek judicial review in circuit court under the APA.[1]

Section 3(2) of the APA, MCL 24.203(2); MSA 3.560(103)(2), defines "agency" as "a state department, bureau, division, section, board, commission, trustee, authority or officer, created by the consti-

---

[1] Procedural protections currently afforded Michigan inmates charged with misconduct are significantly less extensive than those set forth in the APA. See Michigan Department of Corrections Hearings Handbook (1977). The APA's provision for cross-examination of witnesses in a contested case, MCL 24.272; MSA 3.560(172), for example, has no counterpart in the list of rights of inmates at disciplinary hearings. In addition to lacking the right to confront and cross-examine adverse witnesses, inmates have only a qualified right to present witnesses on their own behalf. Contrast with this the APA's broad recognition of this right. MCL 24.272(3); MSA 3.560(172)(3). Under the APA, an official record of evidence and documents must be kept; all proceedings must be recorded and available for transcription. MCL 24.286; MSA 3.560(186). There is no such requirement under current prison disciplinary rules.

tution, statute, or agency action". It is not disputed that the Department of Corrections is an "agency" for purposes of the APA. *Human Rights Party v Michigan Corrections Comm,* 76 Mich App 204; 256 NW2d 439 (1977), *lv den* 402 Mich 906 (1978), *Parshay v Department of Corrections,* 61 Mich App 677; 233 NW2d 139 (1975), *Lundberg v Corrections Comm,* 57 Mich App 327; 225 NW2d 752 (1975).[2] The APA further provides that, unless expressly exempted, all agency proceedings are governed by the act. MCL 24.313; MSA 3.560(213). A party to an agency proceeding which qualifies as a "contested case" is entitled to certain procedural safeguards, MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.,* and has the right to judicial review, MCL 24.301; MSA 3.560(201). Presented for our determination here is the question whether a prison misconduct hearing is a "contested case" as that term is defined in § 3 (3) of the act, MCL 24.203(3); MSA 3.560(103)(3).

Section 3 of the APA defines "contested case" as follows:

"(3) 'Contested case' means a proceeding, including but not limited to rate-making, price fixing and licensing, in which a determination of the legal rights, duties or privileges of a named party is required by law to be

[2] Recently the Michigan Supreme Court held that the Department of Corrections was immune from local zoning ordinances. *Dearden v Detroit,* 403 Mich 257; 269 NW2d 139 (1978). In language unnecessary to the disposition of the issue before the Court in *Dearden* the Court stated that the department was "not subject in any way to any other legislative act". 403 Mich at 265. We are not persuaded that in so saying the Supreme Court intended to rule that the Department of Corrections was not an "agency" subject to the provisions of the APA. The continued validity of those cases which have subjected the department to the rule-making provisions of the APA cannot, we believe, be seriously disputed. *Lundberg v Corrections Commission, supra.* The Legislature's intent with respect to the scope of the APA is succinctly set forth in MCL 24.313; MSA 3.560(213): "This act * * * applies to all agencies and agency proceedings not expressly exempted."

made by an agency after an opportunity for an evidentiary hearing."

Under generally recognized principles of statutory construction, when there is no necessity to reconcile conflicting statutes, *Wayne County Civil Service Comm v Board of Supervisors,* 384 Mich 363; 184 NW2d 201 (1971), when there is no absence of adequate operational definitions of relevant terms, *Prisoners' Labor Union v Department of Corrections,* 61 Mich App 328; 232 NW2d 699 (1975), *lv den* 394 Mich 843 (1975), and when the statutory language is plain and unambiguous, *Jones v Grand Ledge Public Schools,* 349 Mich 1, 9-10; 84 NW2d 327 (1957), judicial construction or attempted interpretation to vary the plain meaning of the statute is precluded.

The definition of a "contested case" is clear and unambiguous. The statutory provision in which we find it requires neither construction nor interpretation. Application of the plain language of the statute leads unalterably to the conclusion that a prison disciplinary hearing fits squarely within the terms of the definition. Such a hearing is certainly a proceeding in which the Department of Corrections is required to make a determination as to an inmate's legal rights, duties or privileges and there is no question that due process requires that the inmate be given an opportunity for an evidentiary hearing. *Wolff v McDonnel,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974), *Wong Yang Sung v McGrath,* 339 US 33; 70 S Ct 445; 94 L Ed 616 (1950).

We recognize that the premier rule of statutory construction is to discover and give effect to the intent of the Legislature. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977), *reh den* 400 Mich 1029

(1977). It may be that if the Legislature had foreseen the application of the instant statutory provision to a prison misconduct hearing, it would have carved out an exception. This possibility, however, does not authorize or justify judicial usurpation of the legislative function. *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965). The judiciary has no alternative but to apply a statute in accordance with its plain meaning unless "the absurdity and injustice of applying the provision to the case would be so monstrous that all mankind would, without hesitation, unite in rejecting the application". *Sturges v Crowninshield,* 17 US (4 Wheat) 122, 203; 4 L Ed 529, 550 (1819), quoted in 2A Sutherland, Statutory Construction, § 46.04, p 55. Such is not the case here. There is principled disagreement as to whether fundamental fairness requires extending to inmates involved in prison misconduct hearings the expanded procedural safeguards of the APA.[3]

Because the statutory definition of a "contested case" is plain and unambiguous and because prison disciplinary hearings fall squarely within that definition, we rule that a prison disciplinary hearing is a "contested case" as that term is defined in the APA and that parties to such proceedings are entitled to the procedural safeguards

---

[3] The Ninth Circuit has held that the Federal APA does not apply in the Federal prison disciplinary process. *Clardy v Levi,* 545 F2d 1241 (CA 9, 1976). In contrast, the Florida appellate court has found nothing in Florida's APA to exclude prison disciplinary proceedings from its scope. *Florida Department of Offender Rehabilitation v Jerry,* 353 So 2d 1230 (Fla App 1978). Nor has there been unanimous agreement as to the wisdom of the Supreme Court's holding in *Wolff* regarding the limited scope of due process protections constitutionally mandated in the prison disciplinary setting. *See, e.g.,* Note, *The Fourteenth Amendment and Prisons: A New Look at Due Process for Prisoners,* 26 Hastings LJ 1277 (1975); Calhoun, *The Supreme Court and the Constitutional Rights of Prisoners: A Reappraisal,* 4 Hastings Con L Quarterly 219 (1977); Note, *Prisoner Rights in a Disciplinary Proceeding,* 29 Baylor L Rev 620 (1977).

set forth in Chapter 4 of the act, MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.,* and have the right to judicial review, MCL 24.301; MSA 3.560(201).[4]

We emphasize that our ruling here is necessitated by the nature of our judicial function. We urge the Legislature, however, to consider the practical effect of the necessary application of the statute. In *Wolff v McDonnell, supra,* the United States Supreme Court set forth minimal due process protections to be observed in prison disciplinary hearings. In fashioning the type of process which is constitutionally due in this context, the Court discussed at length the unique nature of the prison setting. 418 US 559-572. The procedural protections which are appropriate in a prison setting have been described as limited in scope; the need to balance procedural protection against the interests of the prison system and the public have

---

[4] Defendant cites *Emmet County v State Tax Comm,* 397 Mich 550; 244 NW2d 909 (1976). That case is plainly distinguishable from the instant case. In *Emmet County,* the Supreme Court held that the APA did not apply to intercounty equalization proceedings before the State Tax Commission. Declining to hold that the Legislature intended to make a long-established system unworkable by imposing another procedure on it, the Court examined the "contested case" provision and the administrative structure of the tax commission and found that the APA did not apply. The Court noted that the "contested case" provision contemplates an adversary proceeding, and that the tax commission could not be logically designated an adversary in state equalization proceedings. The Court further observed that there had never been a right to appeal to an administrative agency from an intercounty equalization determination. *Id.* at 556-557.

In contrast, a prison disciplinary hearing is primarily adversary in nature. The inmate is asked to defend himself against a charge of misconduct. The charging officer is clearly in an adversary position vis-a-vis the prisoner. In addition, the administrative structure of the prison system fits the agency model contemplated in the APA. The prisoner is given an evidentiary hearing and an opportunity to appeal to the head of the prison after an adverse determination by the disciplinary hearing officer. Review on appeal is not *de novo. Compare, IBM Corp v Department of Treasury,* 71 Mich App 526, 538-539; 248 NW2d 605 (1976), in which the availability of a *de novo* hearing where the APA applied led the Court to hold that an informal initial hearing was not a "contested case".

often been observed. See, *e.g., Polizzi v Sigler,* 564 F2d 792, 798 (CA 8, 1977).

It is not for this Court to resolve the debate over the type of process which is due Michigan inmates accused of misconduct. Barring constitutional implications, such policy determinations are left for legislative resolution.

The trial court is affirmed.