PENN v DEPARTMENT OF CORRECTIONS

Docket No. 46568. Submitted May 7, 1980, at Lansing.—Decided
    October 7, 1980. Leave to appeal applied for.

Patrick Penn was convicted of attempted larceny from a person
    and was sentenced to prison. He was released on parole and
    was subsequently arrested for parole violation. Following a
    parole violation hearing, his parole was revoked. Plaintiff then
    brought an action challenging the parole board's decision.
    Jackson Circuit Court, Russell E. Noble, J., dismissed the suit
    on the ground that it lacked subject matter jurisdiction. Plain-
    tiff appeals, alleging that the trial court erred in dismissing his
    complaint on the ground that it lacked subject matter jurisdic-
    tion, since the Department of Corrections which conducted the
    parole revocation hearing is an "agency" for purposes of apply-
    ing the Administrative Procedures Act, which act endowed him
    with a right of appeal to the circuit court. *Held:*

    The trial court erred in holding that it lacked subject matter
    jurisdiction over defendant's case. The Department of Correc-
    tions is an "agency" for purposes of applying the Administra-
    tive Procedures Act, which provides for a right of review of
    agency decisions in contested cases dealing with the determina-
    tion of a legal right, duty, or privilege. A parole revocation
    hearing is such a case, a parolee's liberty interest being, at a
    minimum, a privilege, the potential termination of which by an
    agency requires adherence to due process guarantees. Thus,
    jurisdiction over the subject matter is vested in the circuit
    court by the Administrative Procedures Act.

    Reversed and remanded.

    M. J. KELLY, J., concurred separately, noting the problem of

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Administrative Law § 8.
    2 Am Jur 2d, Administrative Law § 204.
[2-4] 2 Am Jur 2d, Administrative Law § 204.
[4] 2 Am Jur 2d, Administrative Law § 206.
    73 Am Jur 2d, Statutes § 145.
[5, 6] 2 Am Jur 2d, Administrative Law § 556.
[7, 8] 2 Am Jur 2d, Administrative Law §§ 731, 732.
[8] Effect of court review of administrative decision. 78 ALR2d 1141.

parallel circuit court jurisdiction under both the Administrative Procedures Act and the Revised Judicature Act. He would consider the exemption from circuit court review afforded the decisions of those agencies from which an appeal or other judicial review has otherwise been provided for by law by the Revised Judicature Act and would hold that since the Administrative Procedures Act provides for review of decisions of the Department of Corrections, circuit court review as provided by the Revised Judicature Act is not available for any case which the Department decided after the enactment of the Administrative Procedures Act.

## OPINION OF THE COURT

1. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DEPARTMENT OF CORRECTIONS — CRIMINAL LAW — STATUTES.

The Department of Corrections is an agency for purposes of the Administrative Procedures Act of 1969 (MCL 24.203[2]; MSA 3.560[103][2]).

2. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — PRISON DISCIPLINARY PROCEEDINGS — CRIMINAL LAW — STATUTES.

Prison disciplinary proceedings are contested cases under the provisions of the Administrative Procedures Act of 1969, requiring the Department of Corrections to make a determination of an inmate's legal rights, duties, or privileges, and due process requires that the inmate be given an opportunity for an evidentiary hearing (MCL 24.203[3]; MSA 3.560[103][3]).

3. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — PAROLE REVOCATION PROCEEDINGS — CRIMINAL LAW — STATUTES.

A parolee's liberty interest is at least a privilege, the potential termination of which by the Department of Corrections requires adherence to due process guarantees, and, thus, a parole revocation proceeding is characterized as a contested case, triggering the application of the Administrative Procedures Act (MCL 24.203[3]; MSA 3.560[103][3]).

4. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — JUDICIAL REVIEW OF ADMINISTRATIVE DECISIONS — LEGISLATIVE INTENT — CRIMINAL LAW — STATUTES.

The Legislature intended that that portion of the Administrative Procedures Act pertaining to judicial review of administrative decisions should apply to hearings of the Department of Corrections (MCL 24.301, *et seq.;* MSA 3.560[201], *et seq.).*

5. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DEPARTMENT OF CORRECTIONS DECISIONS — JUDICIAL REVIEW — CRIMINAL LAW — STATUTES.

A prisoner aggrieved by a final decision or order of a hearings officer of the Department of Corrections may file a petition for judicial review of the decision pursuant to that section of the Administrative Procedures Act providing for judicial review of administrative decisions (MCL 24.301, 791.255; MSA 3.560[201], 28.2320[55]).

6. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — PAROLE REVOCATION PROCEEDINGS — DUE PROCESS — JUDICIAL REVIEW — CRIMINAL LAW.

Due process, at a minimum, requires the availability of judicial review of parole revocation proceedings, and the Administrative Procedures Act provides the proper framework for such review.

7. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — PAROLE REVOCATION — JURISDICTION — CRIMINAL LAW — JUDICIAL REVIEW — STATUTES.

The Administrative Procedures Act vests a trial court with the necessary jurisdiction to hear in its entirety a cause seeking judicial review of a decision of the Department of Corrections revoking a defendant's parole (MCL 24.303[1]; MSA 3.560[203][1]).

CONCURRENCE BY M. J. KELLY, J.

8. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DEPARTMENT OF CORRECTIONS DECISIONS — JUDICIAL REVIEW — CRIMINAL LAW — STATUTES.

*The Administrative Procedures Act applies to decisions of the Department of Corrections, and, thus, that section of the Revised Judicature Act which provides for circuit court review of decisions of administrative bodies from which an appeal or other judicial review has not otherwise been provided for by law does not apply to decisions of the Department of Corrections, since the Administrative Procedures Act provides alternate review, thereby exempting decisions of the Department of Corrections made after the enactment of the Administrative Procedures Act from the circuit court review provided by the Revised Judicature Act (MCL 600.631, 791.255; MSA 27A.631, 28.2320[55]).*

*P. E. Bennett,* Assistant State Appellate Defender, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas L. Casey,* Assistant Attorney General, for defendant.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

CYNAR, P.J. Plaintiff, seeking judicial review of the revocation of his parole, brought this action in Jackson County Circuit Court pursuant to MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* and MCL 600.631; MSA 27A.631. Following a hearing, the trial court dismissed the suit on the ground that the court lacked subject matter jurisdiction over the action. Plaintiff appeals as of right.

Plaintiff had been convicted of attempted larceny from a person, MCL 750.357; MSA 28.589, and MCL 750.92; MSA 28.287, and was sentenced to 1-1/2 to 5 years imprisonment. Approximately six months after being incarcerated, plaintiff was released on parole to Jackson County. Slightly less than 15 months after being released on parole, plaintiff was arrested for parole violation. Three weeks after his arrest, a parole violation hearing was held, following which the parole board issued a decision revoking plaintiff's parole.

Plaintiff sought to challenge the parole board's decision on three grounds:

1. The board's failure to hold a prompt preliminary hearing after plaintiff's arrest amounted to a denial of due process and equal protection.

2. Since only two board members attended the hearing, the hearing did not meet the require-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ments of due process and the Administrative Procedures Act.

3. Since the board found plaintiff guilty of two parole violations which were not supported by the evidence and were contrary to the board's expressed findings of fact, plaintiff's parole was improperly revoked.

Plaintiff first agrues that the trial court erred in dismissing his complaint on the ground that the court lacked subject matter jurisdiction to review a parole board decision. Specifically, plaintiff contends that the Department of Corrections is an "agency" for purposes of applying the Administrative Procedures Act (APA), and that, therefore, proceedings of the department are governed by the APA. In addition, plaintiff contends that the APA provides for a right of review of agency decisions in contested cases, of which parole revocation proceedings are one type, dealing with the determination of a legal right, duty, or privilege of the parolee. Alternatively, plaintiff contends that MCL 600.631; MSA 27A.631 endowed him with a right of appeal to the circuit court.

Defendant argues that parole revocation proceedings are not contested cases, since there is no right to parole, and, moreover, actions of the parole board are exclusively discretionary. Finally, defendant claims that plaintiff's proper remedy was mandamus.

It is beyond question that the Department of Corrections is an "agency" for purposes of the APA. *Lawrence v Dep't of Corrections,* 88 Mich App 167, 169-170; 276 NW2d 554 (1979), *lv den* 407 Mich 909 (1979), and the cases cited therein. In an analogous context, the Court in *Lawrence* held that prison disciplinary proceedings are "contested cases" under the provisions of the APA, stating:

"The definition of a 'contested case' is clear and unambiguous. The statutory provision in which we find it requires neither construction nor interpretation. Application of the plain language of the statute leads unalterably to the conclusion that a prison disciplinary hearing fits squarely within the terms of the definition. Such a hearing is certainly a proceeding in which the Department of Corrections is required to make a determination as to an inmate's legal rights, duties or privileges and there is no question that due process requires that the inmate be given an opportunity for an evidentiary hearing. *Wolff v McDonnel*, 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974), *Wong Yang Sung v McGrath*, 339 US 33; 70 S Ct 445; 94 L Ed 616 (1950)." *Id.*, 171.

Defendant seeks to distinguish *Lawrence* on the basis that a prisoner has no *right* to parole. As such, defendant argues that the proceeding in question here is not a "contested case" under MCL 24.203(3); MSA 3.560(103)(3). We disagree. Contested cases are those which determine rights, duties, or privileges of a named party. MCL 24.203(3); MSA 3.560(103)(3). Under *Morrissey v Brewer*, 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), it is beyond peradventure that a parolee's liberty interest is, at a minimum, a privilege, the potential termination of which by the Department of Corrections requires adherence to due process guarantees. In our opinion, this is sufficient to characterize the parole revocation proceeding as a contested case, triggering application of the APA.

It should also be noted that the Court in *Lawrence* relied in part on *Wolff v McDonnel*, 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974), for the proposition that a prison disciplinary proceeding determined legal rights, duties, or privileges of the prisoner. The Court in *Wolff* discussed *Morrissey* and distinguished the earlier case on the ground

that the state had a greater interest in controlling a prisoner than in controlling a parolee. The Court stated that the full range of procedures suggested in *Morrissey* for an alleged parole violator need not be adopted for prisoners accused of misconduct. It therefore appears that, if anything, plaintiff here has the stronger argument than the plaintiff in *Lawrence* that his legal rights, duties, or privileges were being determined at the revocation hearing.

The trial court relied on the existence of a specific statute governing parole revocation hearings, MCL 791.240a; MSA 28.2310(1), and held that the APA did not expressly or implicitly repeal that statute. The statute provides:

"Within 30 days after a parole prisoner has been returned to a state penal institution under accusation of a violation of his parole, other than the conviction for a felony or misdemeanor punishable by imprisonment in any jail, a state or federal prison under the laws of this state, the United States or any other state or territory of the United States, he shall be entitled to a hearing on such charges before 2 members of the parole board. Hearings shall be conducted in accordance with rules and regulations adopted by the director, and the accused prisoner shall be given an opportunity to appear personally or with counsel and answer to the charges placed against him."

The statute does not speak to appellate review. It is not clear whether the power to promulgate rules and regulations for the conduct of hearings is inconsistent with or complementary to the APA's contested case provisions. The Legislature has, since this action began, clarified matters by the passage of 1979 PA 139, which amended MCL 24.315; MSA 3.560(215) to read as follows:

"Chapters 4 and 6 shall not apply to the bureau of worker's disability compensation or the worker's disability compensation appeal board created by Act No. 317 of the Public Acts of 1969, as amended, being sections 418.101 to 418.941 of the Michigan Compiled Laws. Chapter 4 shall not apply to a hearing conducted by the department of corrections pursuant to chapter IIIA of Act No. 232 of the Public Acts of 1953, being sections 791.251 to 791.255 of the Michigan Compiled Laws."

Chapter 4, MCL 24.271; MSA 3.560(171) through MCL 24.287; MSA 3.560(187), regulates procedures for hearings in contested cases. Chapter 6, MCL 24.301; MSA 3.560(201) through MCL 24.306; MSA 3.560(206), provides for judicial review of contested cases. While the Legislature provided that chapters 4 and 6 do not apply to worker's disability compensation proceedings, it only provided that chapter 4 did not apply to Department of Corrections hearings. Defendant would have this Court infer from this statute that chapter 6 *never* applied to the Department of Corrections hearings, apparently on the theory that otherwise the Legislature would have provided that it no longer applied. However, the better view is that the Legislature thought chapter 6 applied and wanted it to continue to apply.

Moreover, § 55 of 1979 PA 140, MCL 791.255; MSA 28.2320(55), enacted subsequent to the trial court's decision in this matter, provides:

"A prisoner aggrieved by a final decision or order of a hearings officer or of *the department* may file a petition for judicial review of the decision or order pursuant to chapter 6 of Act No. 306 of the Public Acts of 1969, as amended, being section 24.301 to 24.306 of the Michigan Compiled Laws." (Emphasis added.)

Section 55 by its terms applies to final decisions of

the Department of Corrections. Therefore, under *current* law, chapter 6 review is available for parole revocation. In *Lawrence, supra,* the Court expressly invited the Legislature to clarify its intentions as to the applicability of the APA. The Legislature's response was a compromise: some parts of the APA apply and others do not. Its actions did not necessarily reflect what it had intended prior law to mean; thus, the subsequent legislation is at best equivocal as to the scope of the APA's application prior to the passage of 1979 PA 139.

We conclude, however, that consonant with the dictates of *Morrissey, supra,* due process, at a minimum, requires the availability of judicial review of parole revocation proceedings and that the APA provides the proper framework therefor in chapter 6 of its provisions.

In accord with this finding we are constrained to conclude that the trial court erred in holding that it lacked jurisdiction over the subject matter of this dispute. We find that MCL 24.303(1); MSA 3.560(203)(1) vests the lower court in this action with the necessary jurisdiction to hear the cause in its entirety. We, thus, find it unnecessary to decide whether MCL 600.631; MSA 27A.631 would invest the lower court with jurisdiction if the APA did not.

We reverse the decision of the court below and remand the case for trial on the substantive issues raised by plaintiff. We decline plaintiff's invitation to decide these issues in the first instance in this Court.

Reversed and remanded.

T. GILLESPIE, J., concurred.

M. J. KELLY, J. *(concurring).* I concur in the

majority opinion, but write separately to address the problem of parallel circuit court jurisdiction under both the Administrative Procedures Act and MCL 600.631; MSA 27A.631. This statute in its amended form, effective in 1975, provides:

"An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham County, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court."

This provision, by its own terms, specifically exempts from circuit court review decisions of those agencies from which an appeal or other judicial review has otherwise been provided for by law. Since the enactment of the Administrative Procedures Act, however, its judicial review procedures have applied to decisions of the Department of Corrections. *Lawrence v Dep't of Corrections,* 88 Mich App 167; 276 NW2d 554 (1979), *lv den* 407 Mich 909 (1979), *Human Rights Party v Michigan Corrections Comm,* 76 Mich App 204; 256 NW2d 439 (1977). See also MCL 24.313; MSA 3.560(213), making the Administrative Procedures Act applicable to "all agencies and agency proceedings not expressly exempted".

I would not unqualifiedly dismiss without consideration the exemption embodied in MCL 600.631; MSA 27A.631. To do so may lead to further improper assertions of circuit court jurisdiction under this statute in cases arising prior to the enactment of MCL 791.255; MSA 28.2320(55), which provides:

"A prisoner aggrieved by a final decision or order of a hearings officer or of the department may file a petition for judicial review of the decision or order pursuant to chapter 6 of Act No. 306 of the Public Acts of 1969, as amended, being sections 24.301 to 24.306 of the Michigan Compiled Laws."

As noted above, decisions of this Court have found the Administrative Procedures Act applicable to Department of Corrections decisions even prior to the inclusion of specific Administrative Procedures Act review procedures. Due to this application of procedures, MCL 600.631; MSA 27A.631 is not available to provide circuit court jurisdiction for any case decided after enactment of the Administrative Procedures Act.