NERAT v SWACKER

Docket No. 83414. Submitted October 1, 1985, at Marquette.—Decided
    March 18, 1986. Leave to appeal applied for.

    Plaintiff, Nancy Nerat, filed a small claims action against defen-
    dants, Marilyn Swacker and State Farm Insurance Company.
    Plaintiff sought to recover $228.85, the cost to repair a motorcy-
    cle she owned which was damaged in an accident involving
    defendant Swacker and plaintiff's son. The motorcycle was not
    insured for collision damage. Defendants petitioned the district
    court to remove plaintiff's claim to the regular civil division of
    district court. The district court removed the case. Defendants
    moved for summary judgment, contending that plaintiff's ac-
    tion was barred by provisions of the no-fault act. The district
    court denied defendant's motion for summary judgment and
    awarded damages to plaintiff under the mini-tort provision of
    the no-fault act. On appeal to the Menominee Circuit Court,
    the circuit court, John D. Payant, J., affirmed the district court
    judgment. Defendants appealed. *Held:*

    Tort liability arising from the ownership, maintenance or use
    of an uninsured motor vehicle was generally abolished by the
    no-fault act, with exceptions as enumerated by the act, includ-
    ing the so-called mini-tort provision for damages up to $400 to
    motor vehicles to the extent that the damages are not covered
    by insurance. However, the no-fault act expressly excludes
    motorcycles from its definition of "motor vehicle". Therefore,
    plaintiff did not have a right to sue for damages to her motor-
    cycle under the no-fault act.

    Reversed.

1. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES.
    Tort liability arising from the ownership, maintenance or use of
    an uninsured motor vehicle was generally abolished by the no-

REFERENCES
Am Jur 2d, Automobile Insurance §§ 340 *et seq.*
Am Jur 2d, Statutes §§ 142 *et seq.*
What constitutes a "motor vehicle" covered under no-fault insur-
    ance. 60 ALR3d 651.
Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

fault act, with exceptions as enumerated by the act, including the so-called mini-tort provision for damages up to $400 to motor vehicles to the extent that the damages are not covered by insurance; however, the no-fault act expressly excludes motorcycles from its definition of "motor vehicle"; therefore, an owner of a motorcycle cannot recover for damage to his motorcycle under the no-fault act (MCL 500.3101[2][c], 500.3135[2]; MSA 24.13101[2][c], 24.13135[2]).

2. STATUTES — JUDICIAL CONSTRUCTION.

Judicial interpretation to vary the plain meaning of a statute is precluded where statutory language is clear and unambiguous; the Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written.

*Gerald Mason,* for plaintiff.

*Ernest L. Olivares* and *Lawrence B. Olivares,* for defendants.

Before: D. F. WALSH, P.J., and GRIBBS and SHEPHERD, JJ.

PER CURIAM. Defendants Marilyn Swacker and State Farm Insurance Company appeal from a circuit court order affirming the district court's award of damages to plaintiff, Nancy Nerat. We reverse.

This controversy arose out of a June 16, 1983, accident in which defendant Swacker's automobile collided with a motorcycle owned by plaintiff. Defendant Swacker was issued a citation for a stop sign violation. No citation was issued to plaintiff's son, who was the driver of the motorcycle. Plaintiff had no collision insurance coverage on the motorcycle at the time of the accident.

Plaintiff filed a claim against defendant Swacker in the small claims division of the district court, seeking damages in the amount of $228.85, the cost to repair the motorcycle. On petition of defendant Swacker and her automobile insurer, defen-

dant State Farm Insurance Company, the case was removed to the general civil division of the district court.

Defendants filed a motion for summary judgment, claiming that plaintiff's action was barred by the provisions of the Michigan no-fault act. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* The motion was denied and plaintiff was awarded damages pursuant to § 3135(2)(d) of the act. MCL 500.3135(2)(d); MSA 24.13135(2)(d). The circuit court affirmed.

Tort liability arising from the ownership, maintenance or use of an uninsured motor vehicle was generally abolished by Michigan's no-fault act. MCL 500.3135(2); MSA 24.13135(2). In 1979, the Legislature added § 3135(2)(d), the so-called minitort provision:

"(2) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance or use within this state of a motor vehicle with respect to which the security required by section 3103(3) and (4) was in effect is abolished except as to:

\*   \*   \*

"(d) Damages up to $400.00 to motor vehicles, to the extent that the damages are not covered by insurance. An action for damages pursuant to this subdivision shall be conducted in compliance with subsection (3)." MCL 500.3135(2)(d); MSA 24.13135(2)(d).[1]

---

[1] Subsections (3) through (5) of § 3135 provide:

"(3) In an action for damages pursuant to subsection (2)(d);

"(a) Damages shall be assessed on the basis of comparative fault, except that damages shall not be assessed in favor of a party who is more than 50% at fault.

"(b) Liability shall not be a component of residual liability, as prescribed in section 3131, for which maintenance of security is required by this act.

"(4) Actions under subsection (2)(d) shall be commenced, whenever legally possible, in the small claims division of district court or the conciliation division of the common pleas court of the city of Detroit or the municipal court. If the defendant or plaintiff removes such an

The Legislature has declared that "motor vehicle", as that term is used in the no-fault act, does not include a motorcycle. MCL 500.3101(2)(c); MSA 24.13101(2)(c).

Where statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is precluded; the Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983); *Pioneer State Mutual Ins Co v Allstate Ins Co,* 417 Mich 590, 595; 339 NW2d 470 (1983), *reh den* 418 Mich 1202 (1984); *Lawrence v Dep't of Corrections,* 88 Mich App 167, 171-172; 276 NW2d 554 (1979), *lv den* 407 Mich 909 (1979).

We find no ambiguity in the mini-tort provision. MCL 500.3135(2)(d); MSA 24.13135(2)(d). This statutory exception to the abolition of tort liability applies only to certain damages to motor vehicles. Since the relevant statutory definition of motor vehicle expressly excludes motorcycles, there is no right to sue for motorcycle damage under § 3135(2)(d). MCL 500.3101(2)(c); MSA 24.13101(2)(c).

Reversed. No costs.

---

action to a higher court and does not prevail, the judge may assess costs.

"(5) A decision of a court made pursuant to subsection (2)(d), shall not be res judicata in any proceeding to determine any other liability arising from the same circumstances as gave rise to the action brought pursuant to subsection (2)(d)." MCL 500.3135(3)-(5); MSA 24.13135(3)-(5).