EDWARDS v VERPLOEGH

Docket No. 85795. Submitted May 6, 1986, at Grand Rapids. Decided
     August 4, 1986.

Michael J. Verploegh, a real estate agent, listed a golf course for
     sale under an open listing, which gave him authority to show
     and sell the golf course and to receive $25,000 as commission if
     the owners accepted an offer from a buyer procured by Verp-
     loegh during the next two years. Jerry Edwards, another real
     estate agent, received a call from a Mr. Link, who was inter-
     ested in purchasing the golf course. Verploegh allegedly orally
     agreed to share equally his commission with Edwards if Mr.
     Link purchased the golf course. An offer was made, but was
     refused by the owners. The listing agreement then expired. The
     golf course was subsequently sold to someone else. A year later,
     the new owner of the golf course listed it for sale with Verp-
     loegh, who contacted Mr. Link. The golf course was then sold to
     a corporation in which Link was a minority shareholder. Jerry
     Edwards filed suit against Michael Verploegh in Kent Circuit
     Court seeking one-half of the commission received by Verp-
     loegh on the basis of the alleged oral agreement to split the
     commission. Edwards subsequently added his employer, Kellogg
     & Associates Real Estate Company, Inc., as a party plaintiff.
     Verploegh moved for summary disposition, which was granted,
     Stuart Hoffius, J. Plaintiff appealed. *Held:*

          A real estate salesperson may be paid only by the entity for
     which he or she works. Edwards could have been paid only by
     his employer, and his claim against Verploegh, another sales-
     person working for a different broker, is without merit.
          Affirmed.

BROKERS — REAL ESTATE — COMMISSIONS — ORAL AGREEMENTS.
     A real estate salesperson may be paid only by the entity for

REFERENCES
Am Jur 2d, Brokers §§ 175-177.
Construction of agreement between real-estate agents to share
     commissions. 71 ALR3d 586.
Agreement between brokers as within statute requiring agreements
     for commissions for the sale of real estate to be in writing. 44
     ALR2d 741.

which he or she works; an oral agreement between two real estate salespersons working for different brokers that any commission from a sale will be split therefore is not legally binding (MCL 339.2510; MSA 18.425[2510]).

*Mohney, Goodrich & Titta, P.C.* (by *James L. Schipper*), for plaintiffs.

*Varnum, Riddering, Schmidt & Howlett* (by *Charles M. Denton*), for defendant.

Before: Danhof, C.J., and D. E. Holbrook, Jr., and M. E. Dodge,* JJ.

D. E. Holbrook, Jr., J. This action arises out of an oral agreement between plaintiff Edwards and defendant to divide the commission on the sale of a golf course to a buyer procured by plaintiff. On August 18, 1980, defendant first listed the golf course as an "open listing." This gave defendant authority to show and sell the golf course and to receive $25,000 as commission if the owners accepted an offer from a buyer procured by defendant during the two-year period. In December, 1982, plaintiff Edwards received a call from a Mr. Link who was interested in the golf course. According to Edwards, defendant agreed to divide the commission if Link should buy. In January or February of 1983, Link made an offer which was refused by the owners. Defendant's listing agreement had previously expired. The golf course was sold to someone else. Edwards claims that defendant told him that the owners had decided not to sell and that if the owners were subsequently interested in selling they would contact Link.

In January, 1984, the new owner of the golf course listed it with defendant. Defendant con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tacted Link and in March, 1984, the course was sold to a corporation in which Mr. Link was a minority shareholder. Edwards filed this action and added as a party plaintiff the real estate firm for which he now works.

The trial court held that his oral agreement violated the statute of frauds and the real estate brokers and salespersons act and found for defendant. Plaintiff appeals.

Defendant had filed a motion for accelerated judgment on the basis of the statute of frauds, MCL 566.132(e); MSA 26.922(e), and the real estate brokers act, MCL 339.2501 *et seq.;* MSA 18.425(2501) *et seq.* We find the latter to be dispositive.

MCL 339.2510; MSA 18.425(2510) provides that:

> A real estate salesperson shall not accept from a person other than the real estate salesperson's employer a commission or valuable consideration for the performance of an act specified in this article.

When statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning is precluded. *Nerat v Swacker,* 150 Mich App 61; 388 NW2d 305 (1986). Thus we find it clear that a real estate salesperson may be paid only by the entity for which he or she works. Thus plaintiff Edwards could have been paid only by his employer, and his claim against defendant, another salesperson working for a different broker, is without merit. Summary judgment was proper.

Having found this issue to be dispositive, we need not address plaintiff's remaining allegations of error.

Affirmed. Costs to defendant.