LENAWEE PROSECUTOR v ONE 1981 BUICK
TWO-DOOR RIVIERA

Docket No. 95776. Submitted November 10, 1987, at Detroit. Decided January 20, 1988.

Princilla B. Prince was arrested on November 7, 1985, and charged with making four deliveries of marijuana. The vehicle she was driving, a 1981 Buick Riviera registered to herself and Charles Buie, was seized. Prince was served with notice of the seizure and intention to forfeit and dispose of the vehicle. On November 27, 1985, Prince, Buie, and Frazier Walker filed a claim of interest in Lenawee Circuit Court and requested that the vehicle be returned to Frazier Walker, who allegedly had purchased the vehicle from Prince and Buie in October, 1985, but had not had the title transferred. Prince, Buie, and Walker also filed a motion to suspend the statutorily required bond claiming that they did not have $250 as required for bond and that the bond requirement was unconstitutional. On January 2, 1986, the court, Kenneth B. Glaser, Jr., J., denied the motion to suspend the bond. Prince, Buie, and Walker paid the $250 bond on January 6, 1986. Prince, Buie, and Walker then filed a motion for summary disposition. The court denied the motion on April 10, 1986, determining that Prince and Buie were owners of the seized vehicle on November 7, 1985. The Lenawee County prosecuting attorney commenced forfeiture proceedings on May 20, 1986. Prince, Buie, and Walker moved to dismiss the action for failure to promptly institute proceedings. The court granted the motion and dismissed the action finding that the prosecuting attorney had failed to institute forfeiture proceedings promptly, as required by statute, and that the statutory bond requirement was unconstitutional as a denial of

REFERENCES

Am Jur 2d, Forfeitures and Penalties §§ 1, 2, 25, 36

Am Jur 2d, Delay between seizure of personal property by Federal Government and institution of proceedings for forfeiture thereof as violative of Fifth Amendment due process requirements. 69 ALR Fed 373.

Relief to owner of motor vehicle subject to state forfeiture for use in violation of narcotics laws. 50 ALR3d 172.

Relief to claimant of interest in motor vehicle subject to state forfeiture for use in violation of liquor laws. 14 ALR3d 221.

equal protection and due process of law. The prosecuting attorney appealed.

The Court of Appeals *held:*

1. The applicable statute requires that forfeiture actions be instituted promptly once the twenty-day period following service of notice of seizure and intent to forfeit and dispose of the property has expired and the requisite bond has been posted by parties claiming an interest in the seized property. The vehicle at issue in this case was seized on November 7, 1985. Prince, Buie, and Walker filed a claim of interest on November 17, 1985, and the requisite bond was given on January 6, 1986. Forfeiture proceedings were not begun until May 20, 1986, more than four months after the giving of the bond. The commencement of the forfeiture proceedings after a delay of more than four months, under the circumstances of this case, cannot be considered prompt. The trial court did not err in dismissing the case.

2. It is unnecessary to address the constitutionality of the statutory bond requirement.

Affirmed.

FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — ACTIONS — TIMELINESS.

Forfeiture proceedings regarding seized property used to facilitate any prohibited transaction concerning illicit drugs must be instituted promptly once the twenty-day period following service of the notice of seizure and intent to forfeit and dispose of the property has elapsed and the bond required of any party claiming an interest in the seized property has been posted; commencement of forfeiture proceedings more than four months after parties claiming an interest in the seized property posted the requisite bond cannot be considered prompt institution of the proceedings (MCL 333.7523; MSA 14.15[7523]).

*Nathan T. Fairchild,* Prosecuting Attorney, and *Frank C. Riley,* Assistant Prosecuting Attorney, for appellant.

*Graham T. Teague,* for appellee.

Before: HOOD, P.J., and R. M. MAHER and J. B. SULLIVAN, JJ.

PER CURIAM. The Lenawee County prosecuting

attorney appeals as of right from a September 5, 1986, circuit court order dismissing his forfeiture action against a 1981 Buick two-door Riviera and a September 23, 1986, order denying his motion for reconsideration. The trial court held that, pursuant to MCL 333.7523; MSA 14.15(7523), forfeiture proceedings had not been instituted promptly and that the bond requirement in the forfeiture statute was unconstitutional. We affirm the trial court's dismissal of the action.

Factually, on November 7, 1985, Princilla Bryant Prince, one of the registered owners of the vehicle, was arrested for the delivery of a controlled substance, to wit, marijuana. At that time the vehicle was seized pursuant to MCL 333.7521(1)(d); MSA 14.15(7521)(1)(d).

On November 27, 1985, Prince, Frazier Walker and Charles Buie filed a claim of interest regarding the vehicle and requested that the vehicle be returned to its proper owner, Frazier Walker. Prince and Buie alleged that they were not the owners of the vehicle, as they had sold it to Walker on October 23, 1985. Walker, however, had not officially transferred title by November 7, 1985. In addition, the claimants alleged that they did not have $250 as required for bond and that the bond requirement was unconstitutional.

On January 2, 1986, the circuit court entered an order denying the motion to suspend bond. On January 6, 1986, the $250 bond was posted.

Prince, Buie and Walker then moved for summary disposition. The court entered an order on April 10, 1986, denying the motion and determining that Prince and Buie were owners of the seized vehicle on November 7, 1985.

The prosecutor commenced forfeiture proceedings on May 20, 1986. Prince, Buie and Walker moved to dismiss, alleging a failure to promptly

institute proceedings. In a written opinion dated August 14, 1986, the court dismissed the action, concluding that the prosecutor had failed to institute forfeiture proceedings promptly, as required by the statute, and that the statutory bond requirement was unconstitutional as a denial of equal protection and due process of law.

The prosecutor's motion for reconsideration was denied on September 23, 1986.

The prosecutor argues that the trial court erred in dismissing the forfeiture proceedings for a failure to "promptly" institute proceedings as required by § 7523 of the Public Health Code, MCL 333.7523; MSA 14.15(7523), which provides in relevant part:

> (1) In case of a seizure pursuant to section 7522, *forfeiture proceedings shall be instituted promptly.* If seizure is made without process as provided under section 7522, and the total value of the property seized does not exceed $100,000.00, the following procedure shall be used:
>
> * * *
>
> (b) Any person claiming an interest in property which is the subject of a notice under subdivision (a) may, within 20 days after the receipt of the notice or of the date of the first publication of the notice, file a claim with the local unit of government or the state expressing his or her interest in the property. *Upon the filing of the claim, and the giving of a bond to the local unit of government or the state in the amount of $250.00* with sureties approved by the local unit of government or the state conditioned that in case the property is ordered forfeited by the court the obligor shall pay all costs and expenses of the forfeiture proceedings, the local unit of government or the state shall transmit the claim and bond with a list and description of the property seized to the attorney general, the prosecuting attorney for the county,

or the city or township attorney for the local unit
of government in which the seizure was made who
*shall promptly institute forfeiture proceedings af-*
*ter the expiration of the 20-day period.* [Emphasis
added.]

The prosecutor contends that forfeiture proceed-
ings were instituted "promptly" on May 20, 1986,
which was approximately forty days following the
April 10, 1986, circuit court order determining
ownership in the seized vehicle. By contrast, the
claimants argue that the prosecutor was informed
who claimed an interest in the vehicle by Novem-
ber 27, 1985, and should therefore have instituted
forfeiture proceedings "promptly" after the claim
of interest was filed.

The prosecutor counters that forfeiture proceed-
ings could not have been properly commenced
until the "true owner(s)" of the vehicle was deter-
mined. To do otherwise would needlessly draw
unnecessary parties into litigation contrary to DR
7-102(A)(1). We find no merit to this claim. All
interested parties, Prince, Walker and Buie, had
already submitted to the jurisdiction of the court
on November 27, 1985, by filing a claim of interest
in the seized vehicle in accordance with § 7523.
Contrary to the prosecutor's contention, a forfei-
ture action was precisely the procedure sought by
the claimants. Thus, a forfeiture action would not
serve to "harass" or "maliciously injure another."

We also conclude that the prosecutor failed to
file the instant forfeiture action promptly. The
statute, in clear and unambiguous language, re-
quires that the prosecuting attorney or other des-
ignated official "shall promptly institute forfeiture
proceedings after the expiration of the 20-day
period." We agree with prior decisions that use of

the word "shall" connotes a mandatory duty imposed by law. *Southfield Twp v Drainage Bd for Twelve Towns Relief Drains,* 357 Mich 59, 76; 97 NW2d 821 (1959); *Sharp v Huron Valley Bd of Ed,* 112 Mich App 18, 20; 314 NW2d 785 (1981). If a statute is clear and unambiguous on its face, judicial interpretation to vary the plain meaning of the statute is precluded; the Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986), lv den 426 Mich 857 (1986); *Todd v Textron, Inc,* 140 Mich App 412, 419; 364 NW2d 718 (1985), lv den 423 Mich 852 (1985); *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983).

In the instant case, the vehicle was seized on November 7, 1985. Claimants filed a claim of interest on November 27, 1985, and posted bond on January 6, 1986. However, forfeiture proceedings were not instituted until May 20, 1986, 6½ months after the vehicle was seized, six months after the claim of interest was filed and 4½ months after the final requirement of posting bond was met. We find that even a strained construction of the statute could not encompass such a time period as being "prompt."[1] Consequently, the trial court did not err in dismissing this case.

As this case was properly dismissed for the aforementioned reasons, we find it unnecessary to address the constitutionality of the statutory bond requirement.

Affirmed.

---

[1] The prosecutor's reliance on *People v One 1979 Honda Auto,* 139 Mich App 651; 362 NW2d 860 (1984), is unavailing. In that case, there was a 2½-month delay between seizure of the vehicle and the commencement of forfeiture proceedings. By contrast, in the present case over 6½ months elapsed between the time the vehicle was seized and the time the proceedings were instituted.