*In re* WAYNE COUNTY PROSECUTOR

Docket No. 205448. Submitted August 12, 1998, at Detroit. Decided November 10, 1998, at 9:00 A.M.

The Wayne County prosecutor brought an action in the Wayne Circuit Court against the Parole Board and the Department of Corrections, seeking an order of superintending control requiring the defendants to allow the plaintiff to intervene as a party in parole revocation proceedings against reoffending parolees before the Parole Board. The court, James J. Rashid, J., dismissed the complaint. The plaintiff appealed.

The Court of Appeals *held*:

The circuit court did not abuse its discretion in denying superintending control in the absence of a clear legal duty by the Parole Board to allow intervention by county prosecutors in parole revocation hearings.

1. The statutory framework governing parole revocation proceedings against reoffending parolees, MCL 791.238 *et seq.*; MSA 28.2308 *et seq.*, does not provide for participation by county prosecutors in parole revocation hearings.

2. Parole revocation proceedings are contested cases under the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* Although the APA has no provisions regarding intervention in contested cases, an administrative agency such as the Parole Board may allow intervention at its discretion. The plaintiff contends that a county prosecutor has an interest in the outcome of a parole revocation hearing because if the parolee is denied reconsideration for parole for several years, the prosecutor can choose not to prosecute the parolee for the commission of a new crime inasmuch as the parolee will remain incarcerated for a substantial period following revocation of parole. The interest identified by the plaintiff, while laudable, is a broad public interest that is simply too attenuated to entitle the plaintiff to intervene as a party in this case.

3. MCL 49.153; MSA 5.751, which authorizes county prosecutors to appear for the state or their counties in court, does not apply in parole revocation proceedings, which are conducted before the Parole Board, not before a court.

4. Parole revocation proceedings are different from probation revocation proceedings in court. The plaintiff cannot claim that he has a right to participate in parole revocation proceedings by analogy to probation revocation proceedings, where he has the right to participate.

Affirmed.

PAROLE — PAROLE REVOCATION PROCEEDINGS — PARTICIPATION BY COUNTY PROSECUTORS.

No statute or administrative rule confers on a county prosecutor the right to participate or intervene in a parole revocation proceeding against a reoffending parolee; however, the Parole Board, at its discretion, may allow such intervention (MCL 791.238 *et seq.*; MSA 28.2308 *et seq.*).

*John D. O'Hair*, Prosecuting Attorney, and *George E. Ward*, Chief Assistant Prosecutor, for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Chester S. Sugierski, Jr.*, Assistant Attorney General, for the defendants.

Before: CORRIGAN, C.J., and MACKENZIE and R. P. GRIFFIN*, JJ.

PER CURIAM. Plaintiff, the Wayne County prosecutor, appeals as of right from an order dismissing his complaint for superintending control. We affirm.

Plaintiff brought this action to obtain an order requiring defendants, the Department of Corrections and the Parole Board, to allow plaintiff to intervene as a party in parole revocation proceedings in cases where the Parole Board is considering revocation based on a parolee's alleged commission of a felony. It is plaintiff's contention that, in instances where there are several years remaining in the reoffending parolee's maximum sentence for the paroled offense,

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

it would be more expedient for the Parole Board to rescind parole and order a lengthy period before the offender would again be considered for parole than it would be to prosecute the parolee for the new offense. The circuit court dismissed plaintiff's complaint, concluding that the Parole Board has no clear legal duty to allow the prosecutor to intervene as a party in parole revocation proceedings.

I

Superintending control is an extraordinary remedy, and extraordinary circumstances must be presented to convince a court that the remedy is warranted. 4 Martin, Dean & Webster, Michigan Court Rules Practice (2d ed), p 331. For an order of superintending control to issue, the plaintiff must show that a clear legal duty has not been performed by the defendant. *Beer v Fraser Civil Service Comm*, 127 Mich App 239, 242; 338 NW2d 197 (1983). The grant or denial of an order of superintending control is within the sound discretion of the court considering the matter. *In re Goehring*, 184 Mich App 360, 366; 457 NW2d 375 (1990). Absent an abuse of discretion, this Court will not disturb the denial of a request for an order of superintending control. *Id.*

II

The Parole Board is part of the Department of Corrections. MCL 791.231a; MSA 28.2301(1). MCL 791.234; MSA 28.2304 and MCL 791.235; MSA 28.2305 govern the procedures surrounding parole interviews and the decision to grant or deny parole. Although the statutes no longer expressly so provide, the length of the parole period is generally discretionary with the Parole Board. See *Lane v Dep't of Corrections*,

383 Mich 50, 61; 173 NW2d 209 (1970). Under MCL 791.234(7); MSA 28.2304(7), the Parole Board's decision to grant or deny parole is appealable to the circuit court by the prisoner, the prosecutor, or the victim. See also MCR 7.104(D). The circuit court's decision, in turn, may be appealed by leave to this Court. MCR 7.104(D)(6).

A prisoner on parole is still in the "legal custody and control" of the Department of Corrections. MCL 791.238(1); MSA 28.2308(1). If a parolee commits a new crime while on parole and the prosecutor opts not to prosecute the parolee for the new crime, the department issues a warrant for the return of the parolee. MCL 791.238(1); MSA 28.2308(1). A parolee is entitled to a preliminary probable cause hearing within ten days after arrest for parole violation, MCL 791.239a(1); MSA 28.2309(1)(1), and is entitled to a fact-finding hearing before a member of the Parole Board or a hearing officer within forty-five days of return to prison. MCL 791.240a(1); MSA 28.2310(1)(1). The parolee is entitled to be represented by counsel at the parole revocation hearing. MCL 791.240a(2); MSA 28.2310(1)(2). Additionally, the parolee is entitled to hear the evidence against the parolee, to testify and present evidence, and to cross-examine witnesses. *Id.* A parole violation must be established by a preponderance of the evidence, MCL 791.240a(5), (6); MSA 28.2310(1)(5), (6).

After the hearing, the hearing officer prepares a report and recommendation for disposition by the Parole Board. MCL 791.240a(5); MSA 28.2310(1)(5). The board then enters an order either rescinding parole or reinstating it. MCL 791.41; MSA 28.2311. A rescinding order also sets the length of time before

the offender will again be eligible for parole. See *Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569, 583, n 29; 548 NW2d 900 (1996). That period can range from one day to the maximum sentence imposed for the original offense, in the discretion of the board. *Id.*; MCL 791.238(2); MSA 28.2308(2). Parole revocation proceedings are contested cases under the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, and judicial review of the proceedings is available under the APA. *Penn v Dep't of Corrections*, 100 Mich App 532, 537-540; 298 NW2d 756 (1980).

III

The statutory framework outlined above includes participation by the prosecutor and the victim when a prisoner is granted parole. Significantly, however, it does not provide for such participation at parole revocation proceedings. A court must not judicially legislate by adding into a statute provisions that the Legislature did not include. *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 421; 565 NW2d 844 (1997). In the absence of a statutory provision that would permit a prosecutor to participate in parole revocation hearings, the Parole Board had no clear legal duty to allow plaintiff to intervene. Accordingly, we find no abuse of discretion in the circuit court's decision to deny plaintiff's request for an order of superintending control.

IV

Plaintiff argues that, even if the statutes governing parole revocation proceedings do not include a provision contemplating a prosecutor's participation in the proceedings, a right to intervene exists by way of the

APA. As explained in LeDuc, Michigan Administrative Law, § 6:16, pp 27-28:

> Michigan's Administrative Procedures Act has no provisions regarding intervention. In the absence of a statute providing some guidance as to who is entitled to participate or intervene in a contested case proceeding, intervention has remained largely the province of individual agency policy and the discretion of administrative hearing judges and officers. These policies may be embodied in rule, but they are more likely revealed by the customs and practices of the agency in conducting contested cases.
>
> Except for the circumstances of clear statutory direction or agency rules about intervention, one seeking to intervene is left with the arguments that can be based on the definition of contested case and parties in the APA and the nature of the interests which may be affected in a particular contested case setting. Basically, the argument that must be made is that the contested case will determine the legal rights, duties, or privileges of the person seeking intervention, and that the person seeking to intervene is properly seeking and entitled of right to be admitted as a party.

Thus, where, as here, there is no statutory or administrative rule governing intervention, an administrative agency's decision whether to allow a person to intervene in a contested case is discretionary; again, there is no particular clear legal duty to allow intervention. The one exception is if the person wishing to intervene can show entitlement to "party" status under the APA. The APA defines a "party" as "a person or agency named, admitted, or properly seeking and entitled of right to be admitted as a party in a contested case." MCL 24.205(4);  MSA 3.560(105)(4). With regard to who is a party for purposes of contested cases, Professor LeDuc states:

[O]ne may turn to four sources to find out who a party in a contested case can be. As usual, the first source is the underlying statute, which either may identify specifically, at least by class or general description, those who are entitled to a contested case hearing, or may identify the interests which are protected, giving the possessors of those interests a status which entitles them to be admitted as a party. The second source is due process, under which property and liberty interests are protected and subject to the APA contested case provisions to protect their possessors. The third source is the APA itself, which identifies legal rights, interests, and privileges as protected, if they are to be determined in the contested case proceeding. The fourth source is the agency rules, which may, like a statute, identify those who are entitled to receive a contested case hearing. [Michigan Administrative Law, § 6:15, pp 26-27.]

Under the parole revocation statutes, due process, the APA, and the department's administrative rules, the only persons with a protected interest who are entitled to a parole revocation hearing are the parolee, whose protected interest involves the loss of conditional liberty, and the department, which has "legal custody and control" of the parolee. See *Penn, supra,* pp 537-538; MCL 791.238(1); MSA 28.2308(1). Plaintiff contends that a county prosecutor has an interest in the outcome of a parole revocation hearing because if the parolee is denied reconsideration for parole for several years, the prosecutor—satisfied that the parolee will remain imprisoned for a substantial period—can choose not to prosecute the new crime and save taxpayer money. The interest identified by plaintiff, while laudable, is a broad public interest that is simply too attenuated to entitle plaintiff to party status in parole revocation proceedings. Certainly, the outcome of parole revocation proceedings may be one of many factors taken into consideration

by a prosecutor when deciding whether to prosecute a reoffending parolee. Nevertheless, the outcome of the parole revocation proceedings has virtually no effect on the prosecutor's *ability* to prosecute or to otherwise carry out official responsibilities. In the absence of any direct bearing on plaintiff's prosecutorial duties, he is not entitled to party status in a parolee's revocation hearing under the APA. Accordingly, the Parole Board did not have a clear legal duty to allow plaintiff to intervene as a party. The circuit court did not abuse its discretion in refusing to order superintending control.

V

Plaintiff raises additional reasons why he should be allowed to intervene in parole revocation proceedings. He maintains that he is an interested party under MCL 49.153; MSA 5.751, which provides:

> The prosecuting attorneys shall, in their respective counties, appear for the state or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions whether civil or criminal, in which the state or county may be a party or interested.

This statute authorizes the prosecutor to appear in courts. Parole revocation proceedings are not prosecutions, and the Department of Corrections is not a court or a part of the judiciary. *People v Raihala*, 199 Mich App 577, 579; 502 NW2d 755 (1993); *Penn, supra*, pp 536-537. The statute does not confer plaintiff party status in parole revocation proceedings.

Plaintiff also claims that he should be allowed to intervene in parole revocation proceedings because they are analogous to probation revocation hearings, where prosecutors routinely participate. However,

parole and probation occupy different places in the law. Probation is an alternative to confining an offender and is granted at the discretion of the trial court in lieu of incarceration. *People v Greenlee*, 133 Mich App 734, 736; 350 NW2d 313 (1984). The trial court's decision to revoke probation and impose a term of imprisonment involves imposition of a different sentence to replace the order of probation. *People v Saylor*, 88 Mich App 270, 275; 276 NW2d 885 (1979). It is therefore an extension of the original trial court proceedings in which the prosecutor participates. In contrast, parole revocation involves the Parole Board's decision to rescind its parole order and return the parolee to prison to continue serving an existing sentence. *Raihala, supra*, pp 579-580. There is no additional trial court involvement, and hence no additional prosecutorial involvement.

VI

We appreciate plaintiff's attempt to take advantage of a reoffending parolee's unserved maximum sentence in lieu of instituting yet another felony prosecution against the parolee. Plaintiff's approach is expedient and would benefit taxpayers as well as ease court dockets. A policy that reoffending parolees could face long-term parole ineligibility might also serve as a disincentive to violate parole and thus reduce recidivism. As the circuit court noted, however, plaintiff's arguments involve lawmaking and therefore must be directed to the Legislature rather than the courts. See *People v Kirby*, 440 Mich 485, 493-494; 487 NW2d 404 (1992). We cannot read into the parole revocation statutes a duty to allow prosecutors to intervene in the proceedings when no such

duty exists. *Empire Iron Mining, supra.* However, we can, and do, urge the Legislature to consider amending the parole revocation statutes to allow prosecutor participation, just as it has seen fit to allow participation when parole is granted.

Finally, although we hold that the trial court did not abuse its discretion in finding that the Parole Board had no clear legal duty to allow plaintiff to intervene in parole revocation proceedings, we stress that intervention remains available in the board's discretion. See LeDuc, *supra.* We also note that, if the prisoner whose parole has been revoked is again granted parole within a period that the prosecutor believes is unacceptably short, the prosecutor can appeal the decision to grant parole at that time. MCL 791.234(7); MSA 28.2304(7). These measures are cumbersome and offer marginal assurance that they will result in the Parole Board's increased use of reoffending parolees' unserved maximum sentences. Until the Legislature acts, however, those are the measures available to plaintiff to accomplish his objectives.

Affirmed.