SHIELDS v DEPARTMENT OF CORRECTIONS

Docket No. 62808. Submitted June 22, 1983, at Lansing.—Decided August 31, 1983.

Milton M. Shields, an inmate of the State Prison of Southern Michigan serving a life term for assault with intent to murder, filed a complaint in Ingham Circuit Court seeking judicial review of the parole board's decision not to parole him. Shields alleged that the Michigan Department of Corrections, acting through its parole board, denied him certain due process rights under the Administrative Procedures Act and state and federal constitutions. The department filed a motion for accelerated judgment on the ground that the circuit court lacked subject matter jurisdiction to review the denial of parole. The court, James T. Kallman, J., granted accelerated judgment for lack of subject matter jurisdiction or, in the alternative, summary judgment for failure to state a claim upon which relief could be granted. Plaintiff's complaint was dismissed with prejudice. Plaintiff appeals by leave granted. *Held:*

1. The trial court properly granted accelerated or summary judgment. The parole board's decision on whether to consider a prisoner for parole is expressly exempted from judicial review as long as the decision is made pursuant to law.

2. Plaintiff's contention that denial of judicial review of a decision denying a prisoner consideration for parole violates due process rights under federal or state law is without merit. Plaintiff's due process rights were not violated.

3. Plaintiff's contention that the parole board's procedure violates state due process requirements established by law is likewise without merit. The statute plaintiff relies on deals with prison discipline matters, not parole procedures.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 59 Am Jur 2d, Pardon and Parole § 85.

[2] 59 Am Jur 2d, Pardon and Parole § 79.

[3] 5 Am Jur 2d, Appeal and Error § 853.

[4] 59 Am Jur 2d, Pardon and Parole § 77.

1. PRISONS AND PRISONERS — PAROLE — DENIAL OF PAROLE — AP-
   PEAL.

   A parole board's decision on whether to consider a prisoner for
   parole is expressly exempted from judicial review as long as the
   decision is made pursuant to law, and it matters not whether
   the decision falls within the formal definition of a "contested
   case" (MCL 791.234[5]; MSA 28.2304[5]).

2. PRISONS AND PRISONERS — PAROLE — CONSTITUTIONAL LAW.

   There is no constitutional or inherent right of a convicted person
   to be conditionally released before the expiration of a valid
   sentence.

3. APPEAL — ACCELERATED JUDGMENT.

   A reviewing court should not go into the merits of the case when
   reviewing a motion for accelerated judgment.

4. PRISONS AND PRISONERS — PAROLE — PAROLE BOARD.

   Parole consideration determinations are left to the parole board's
   discretion and are not subject to the enhanced procedural
   safeguards applicable to prison disciplinary hearings (MCL
   791.234[5], 791.251 *et seq.;* MSA 28.2304[5], 28.2320[51] *et seq.).*

*Steven M. Jentzen, P.C.* (by *Steven M. Jentzen),*
for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Eric J. Eggan,* As-
sistant Attorney General, Corrections Division, for
defendant.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK,
JR., and J. R. ERNST,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff is an inmate
serving a life term in the State Prison of Southern
Michigan for assault with intent to murder, MCL
750.83; MSA 28.278. On April 3, 1981, plaintiff
filed a complaint in the circuit court for Ingham
County for judicial review of the parole board's
decision not to recommend him for parole, alleging
that defendant, acting through its parole board,

* Circuit judge, sitting on the Court of Appeals by assignment.

denied him certain due process rights under the Administrative Procedures Act and state and federal constitutions. Plaintiff prayed, *inter alia,* for an order directing defendant to hold a public hearing pursuant to MCL 791.234 *et seq.;* MSA 28.2304 *et seq.* Defendant filed a motion for accelerated judgment on the ground that the circuit court lacked subject matter jurisdiction to review the denial of parole. The circuit court held a hearing on the motion on January 26, 1982, and granted accelerated judgment thereon for lack of subject matter jurisdiction, GCR 1963, 116.1(2), "or summary judgment under 117.2(1)". On June 17, 1982, this Court granted plaintiff's application for delayed appeal from the circuit judge's order of dismissal.

Plaintiff was sentenced to life imprisonment on February 2, 1967. On October 9, 1976, he became eligible for parole under the so-called "lifer law", MCL 791.234(4); MSA 28.2304(4).

The aforesaid law sets forth a two-stage process for a determination of parole for life sentences. The initial stage begins ten calendar years after sentencing. The first part thereof consists of an informal hearing where the inmate is interviewed by one or more of the parole board members. Thereafter, in October of each year, the entire parole board reviews the applicant's record to determine if parole is appropriate. If this preliminary review process results in the board's concluding that parole is a possibility, a second stage consisting of a formal public hearing commences. It is the initial stage of the parole process under MCL 791.234(4) which is contested in this case.

During February of 1980 plaintiff received a letter from defendant informing him that defendant would conduct an informal parole hearing at

some point in March of the same year. Plaintiff received no further notice of the hearing until the morning it was conducted. Plaintiff attended and was interviewed. On January 13, 1981, plaintiff received a letter informing him that the parole board had decided not to take action, following the initial review of his case "during the week of October 28, 1980". Plaintiff was not given an opportunity to attend or present evidence on his behalf at the October session of the parole board.

Plaintiff first contends that the decision of the parole board at the initial stage of said proceedings is reviewable as a "contested case" under the Administrative Procedures Act. We disagree.

The right to judicial review under the APA is governed by MCL 24.301; MSA 3.560(201):

> "When a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a *contested case,* whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review, by the courts as provided by law." (Emphasis supplied.)

The act defines "contested case" in MCL 24.203(3); MSA 3.560(103)(3):

> " 'Contested case' means a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing. When a hearing is held before an agency and an appeal from its decision is taken to another agency, the hearing and the appeal are deemed to be a continuous proceeding as though before a single agency."

This Court has held that parole revocation and prison disciplinary proceedings may each be char-

acterized as a "contested case", subject to judicial review. *Penn v Dep't of Corrections,* 100 Mich App 532; 298 NW2d 756 (1980); *Lawrence v Dep't of Corrections,* 88 Mich App 167; 276 NW2d 554 (1979). In *Penn, supra,* p 538, the Court noted that the statute governing parole revocation "does not speak to appellate review". In contrast, the statute governing the initial granting of parole provides as follows:

"The time of a person's release on parole granted in compliance with this act *shall be discretionary with the parole board.* The action of the parole board in releasing prisoners *shall not be reviewable if in compliance with law."* MCL 791.234(5); MSA 28.2304(5) (prior to amendment by 1982 PA 314, immediately effective October 15, 1982). (Emphasis supplied.)

In this case, the parole board decided not to hold a public hearing on the question of plaintiff's parole. As stated above, said board initially found parole was not yet appropriate. The "lifer law" does not require a public hearing unless the prisoner is to be considered for parole. The APA "applies to all agencies and agency proceedings not expressly exempted". MCL 24.313; MSA 3.560(213). We find that the language of MCL 791.234(5), expressly exempts the parole board's decision on whether to consider a prisoner for parole from judicial review, so long as the decision is made in compliance with MCL 791.234(4). This is so regardless of whether the decision falls within the formal definition of a "contested case". The trial court's decision was proper.

Plaintiff additionally claims that denial of judicial review of a decision denying a prisoner consideration for parole violates due process rights under

federal or state law. This contention is without merit.

In its consideration of the due process rights of inmates and parolees, this Court has not hesitated to follow the guidance of the United States Supreme Court. In *Greenholtz v Inmates of Nebraska Penal & Correctional Complex,* 442 US 1, 7; 99 S Ct 2100; 60 L Ed 2d 668 (1979), it held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence". The Court upheld the Nebraska procedure for discretionary parole determinations, which is quite similar to the procedure at issue herein, holding that a formal hearing need not be held for every inmate. 442 US 14-15. The Court also found adequate the Nebraska parole board's practice of notifying the inmate in advance of the month during which the first, informal hearing will be held, since there was "no claim that either the timing of the notice or its substance seriously prejudices the inmates' ability to prepare adequately for the hearing". 442 US 14, fn 6. The Court concluded:

"The Nebraska procedure affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances. *The Constitution does not require more.*" (Emphasis added.) 442 US 1, 16.

A reviewing court should not go into the merits of the case on review of a motion for accelerated judgment. *State Highway Comm v Vanderkloot,* 392 Mich 159, 189; 220 NW2d 416 (1974). It should be noted, however, that plaintiff was given an opportunity to be heard at the March, 1980, informal hearing and was later informed of the reasons

for denial of parole consideration. Plaintiff's rights under the Due Process Clause, interpreted by the United States Supreme Court in *Greenholtz, supra,* were not violated. The constitution does not require judicial review of the board's initial decision.

Plaintiff also contends that the procedure violates state due process requirements established in MCL 791.251 *et seq.;* MSA 28.2320(51) *et seq.* This argument likewise is without merit. The provisions cited by plaintiff apply to prison proceedings which may result in punitive detention, loss of good time, administrative segregation or special designation for community placement. MCL 791.251(2); MSA 28.2320(51)(2); *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 639; 298 NW2d 841 (1980). Although the statute includes any hearing "which may result in the loss by a prisoner of either a right or significant privilege", the Legislature did not intend to include parole consideration determinations within the provision. This conclusion follows inevitably from consideration of MCL 791.234(4), which as noted above mandates that no parole be granted "until after a public hearing held in the manner prescribed for pardons and commutations" in MCL 791.244, subds (d) to (f); MSA 28.2314, subds (d) to (f). Pardon and commutation hearings are conducted by the parole board itself rather than the hearings division of the Department of Corrections, which conducts the prison discipline hearings referred to in MCL 791.251. We hold that the Legislature clearly intended to leave parole consideration determinations to the board's discretion, even though it created the hearings division to determine matters of prison discipline in accordance with the enhanced procedural safeguards specified in MCL 791.251 *et seq.*

Affirmed.