859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph PURIFOY, Plaintiff-Appellant,
v.
William J. HUDSON, Defendant-Appellee.
 No. 88-1358.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ralph Purifoy filed this civil rights action under 42 U.S.C. Sec. 1983, claiming that he did not receive a hearing before the Michigan Parole Board scheduled for July 1984, and that he has not received any hearings since that date. The defendant, William J. Hudson, is chairman of the Michigan Parole Board. Because of this omission, Purifoy requested immediate release and punitive damages. The district court dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d), holding that Purifoy failed to plead facts sufficient to support his claim, and that Hudson was absolutely immune from suit.
 
 
 3
 With this record Purifoy could prove no set of facts which would entitle him to the relief he seeks. Malone v. Colyer, 710 F.2d 258 (6th Cir.1983). He has failed to allege that he was deprived of a right secured by the federal Constitution or laws of the United Sates. There is no constitutional or inherent right to parole, Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979), and Michigan has not created a liberty interest in parole that is subject to the due process guarantees of the fourteenth amendment. See generally Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Shields v. Department of Corrections, 128 Mich.App. 380, 340 N.W.2d 95 (1983).
 
 
 4
 The judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.