872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Nathaniel CARLTON, Jr., Plaintiff-Appellant,
v.
Daniel WOJNIAK; William J. Hudson, Jr., Defendants-Appellees.
 No. 88-1948.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Edward Carlton appeals the district court's judgment sua sponte dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the certified record and the briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Carlton sought injunctive and monetary relief for a deprivation of his alleged right to a parole hearing. The district court sua sponte dismissed the action explicitly under 28 U.S.C. Sec. 1915(d) for frivolity. On appeal, Carlton continues to argue the same issues that he raised in the district court.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed Carlton's suit. Carlton does not have an inherent constitutional right to parole or to a parole hearing, Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979); and Michigan has not created a liberty interest in parole or to a parole hearing that is subject to the due process guarantees of the fourteenth amendment. M.C.L. Sec. 791.234(5); M.C.L. Sec. 791.235; Board of Pardons v. Allen, 482 U.S. 369 (1987); Cf. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Shields v. Department of Corrections, 128 Mich.App. 380, 340 N.W.2d 95 (1983).
 
 
 4
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.