899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HAYNES, Plaintiff-Appellant,
v.
William HUDSON; GLORIA RICHARDSON, Defendants-Appellees.
 No. 89-2006.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 
 Before KEITH and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 James Haynes, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Haynes sued the defendants, members of the Michigan Parole Board, alleging that they twice arbitrarily denied him parole in violation of his due process and equal protection rights. The district court pursuant to 28 U.S.C. Sec. 1915(d) dismissed the complaint as frivolous finding that the defendants were absolutely immune from liability for actions taken within the scope of their official duties. The court also noted that Haynes' request for release from prison could not be joined with a Sec. 1983 suit. The court later denied Haynes' motion for reconsideration. While that motion was pending, however, Haynes filed a notice of appeal (Case No. 89-1660) which this court dismissed as premature. After the motion for reconsideration was denied, Haynes filed the instant appeal.
 
 
 3
 On appeal, Haynes reasserts his claim and has filed an informal brief. Defendants have notified the court that they will not be filing a brief.
 
 
 4
 Upon review, we affirm the district court's judgment for slightly different reasons. Haynes failed to allege that he was deprived of a right secured by the federal Constitution or laws of the United States. There is no constitutional or inherent right to parole. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Nor has Michigan created a liberty interest in parole that is subject to the due process guarantees of the fourteenth amendment. See Mich.Comp.Laws Secs. 791.235 and 791.234(5); Board of Pardons v. Allen, 482 U.S. 369 (1987); Shields v. Department of Corrections, 128 Mich.App. 380, 340 N.W.2d 95 (1983); cf. Olim v. Wakinekona, 461 U.S. 238, 249 (1983).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.