MIDDLETON v PAROLE BOARD (ON REMAND)

Docket No. 152139. Submitted January 19, 1995, at Grand Rapids. Decided February 6, 1995, at 9:40 A.M.

Robert L. Middleton, serving a sentence of life imprisonment for second-degree murder, brought an action for mandamus in the Court of Appeals against the parole board, seeking an order directing the board to conduct a public hearing concerning parole for him. The Court of Appeals denied relief. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for plenary consideration. 439 Mich 995 (1992).

On remand, the Court of Appeals *held:*

MCL 791.234(6); MSA 28.2304(6) and MCL 791.244(2)(f)-(h); MSA 28.2314(2)(f)-(h) do not require the parole board to conduct a public hearing concerning parole for a prisoner until after the board decides to proceed toward a grant of parole. Notwithstanding the plaintiff's assertions that the board had informed him that parole would be considered after he completed twenty years of his sentence and that the board had begun an investigation of his case for parole, the board has yet to decide to proceed toward a grant of parole to the plaintiff. Accordingly, no public hearing is required at this time.

Relief denied on complaint for mandamus.

PAROLE — PAROLE BOARD — PUBLIC HEARINGS.

A public hearing by the parole board concerning parole for a prisoner is not required by statute until after an initial decision by the board to proceed toward a grant of parole (MCL 791.234[6], 791.244[2][f]-[h]; MSA 28.2304[6], 28.2314[2][f]-[h]).

Robert L. Middleton, in propria persona.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Thomas A. Kulick,* Assistant Attorney General, for the defendant.

REFERENCES

Am Jur 2d, Pardon and Parole § 87.

See ALR Index under Parole, Probation, and Pardon.

Before: SAWYER, P.J., and BANDSTRA and R. B. BURNS,* JJ.

SAWYER, P.J. This is an original action for mandamus. We initially denied relief on plaintiff's complaint by an order dated September 19, 1991. However, plaintiff thereafter sought leave to appeal to the Supreme Court and the Supreme Court, in lieu of granting leave, vacated this Court's order and remanded the matter for plenary consideration. *Middleton v Parole Board*, 439 Mich 995 (1992). On plenary consideration, we again deny plaintiff's complaint.

According to plaintiff, he was convicted in 1968 of murder in the second degree, MCL 750.317; MSA 28.549, and thereafter sentenced to serve life in prison. After a July 1983 parole interview, a member of the parole board recommended that plaintiff serve at least twenty years before being given meaningful parole consideration. Plaintiff further alleges that in 1988 the parole board did vote to proceed with the investigation of his case toward parole. However, plaintiff's case has never been brought on for a public hearing, a required step before a prisoner serving a life term may be granted parole. Plaintiff claims that he is entitled to a public hearing. We disagree.

The parole of a prisoner serving a life term is governed by the provisions of MCL 791.234(6); MSA 28.2304(6), which currently provides as follows:[1]

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] The provisions of the statute have changed somewhat since plaintiff initially filed his complaint for mandamus. However, those changes do not affect the outcome of this case and the same result

A prisoner under sentence for life or for a term of years, other than a prisoner sentenced for life for murder in the first degree or sentenced for life or for a minimum term of imprisonment for a major controlled substance offense, who has served 10 calendar years of the sentence in the case of a prisoner sentenced for a crime committed before October 1, 1992, or who has served 15 calendar years of the sentence in the case of a prisoner sentenced for a crime committed on or after October 1, 1992, is subject to the jurisdiction of the parole board and may be released on parole by the parole board, subject to the following conditions:

(a) One member of the parole board shall interview the prisoner at the conclusion of 10 calendar years of the sentence and every 5 years thereafter until such time as the prisoner is paroled, discharged, or deceased. The interview schedule prescribed in this subdivision applies to all prisoners to whom this subsection is applicable, whether sentenced before, on, or after the effective date of the 1992 amendatory act that amended this subdivision.

(b) A parole shall not be granted a prisoner so sentenced until after a public hearing held in the manner prescribed for pardons and commutations in sections 44(2)(f) to (h) and 45. Notice of the public hearing shall be given to the sentencing judge, or the judge's successor in office, and parole shall not be granted if the sentencing judge, or the judge's successor in office, files written objections to the granting of the parole within 30 days of receipt of the notice of hearing. The written objections shall be made part of the prisoner's file.

The public hearing provisions referred to in the above statute are contained in MCL 791.244(2)(f)-(h); MSA 28.2314(2)(f)-(h), which provides as follows:

would be reached regardless of whether we analyze the current version of the statute or the version that existed when plaintiff's complaint was filed.

(f) Conduct a public hearing not later than 90 days after making a decision to proceed with consideration of a recommendation for the granting of a reprieve, commutation, or pardon. The public hearing shall be held before a formal recommendation is transmitted to the governor. One member of the parole board who will be involved in the formal recommendation may conduct the hearing, and the public shall be represented by the attorney general or a member of the attorney general's staff.

(g) At least 30 days before conducting the public hearing, provide written notice of the public hearing by mail to the attorney general, the sentencing trial judge, and the prosecuting attorney, or their successors in office, and each victim who requests notice pursuant to the crime victim's rights act, Act No. 87 of the Public Acts of 1985, being sections 780.751 to 780.834 of the Michigan Compiled Laws.

(h) Conduct the public hearing pursuant to the rules promulgated by the department. Except as otherwise provided in this subdivision, any person having information in connection with the pardon, commutation, or reprieve shall be sworn as a witness. A person who is a victim shall be given an opportunity to address and be questioned by the parole board at the hearing or to submit written testimony for the hearing. In hearing testimony, the parole board shall give liberal construction to any technical rules of evidence.

The essence of plaintiff's argument is that, because the parole board determined that plaintiff would be given meaningful parole consideration after having served twenty years of his sentence and because the parole board decided to continue the investigation into granting plaintiff parole, he is entitled to the public hearing outlined in the statute above and, ultimately, parole if the facts adduced at the hearing support that decision. We disagree.

The flaw in plaintiff's reasoning is that the requirement of a public hearing does not establish a right for the prisoner; rather, the requirement establishes a restriction on the authority of the parole board. That is, the statute does not establish a public hearing to ensure that a prisoner is fully considered for parole, but establishes a public hearing as a means of preventing the parole board from *granting* parole without a full consideration of the facts involved.

This is reflected by the provisions of the first sentence of MCL 791.244(2)(f); MSA 28.2314(2)(f).[2] Under that initial provision, the public hearing is held after the parole board makes a decision to proceed with consideration of recommending a reprieve, commutation, or pardon with respect to the prisoner's serving a term of life imprisonment without parole, or to parole a prisoner serving a parolable life term. Thus, the case is presented in a posture of the parole board's having determined that clemency or parole should be granted, but a public hearing must be held before that recommendation of clemency may be transmitted to the governor or before parole can be granted.

For the above reasons, we hold that the parole board is not obligated to hold a public hearing until after it decides to proceed with parole.[3] In other words, the parole board is under no obligation to hold a public hearing unless it initially determines that it desires to parole the prisoner, in which case a public hearing must be held before

[2] It should be noted that MCL 791.244; MSA 28.2314 directly concerns the procedures to be employed in considering the grant of a reprieve, commutation, or pardon for a person serving a sentence of life imprisonment without parole. The public hearing provisions of that statute, however, are adopted by MCL 791.234; MSA 28.2304 for use in considering paroles of prisoners serving parolable life terms.

[3] Of course, the final determination to parole a prisoner is subject to the parole board's determination following that hearing; otherwise, the public hearing would be rendered a nullity.

parole may be granted. The prisoner has no right to a public hearing absent the parole board's decision to hold one.

To the extent that plaintiff argues that the parole board created a contractual obligation to conduct a public hearing by informing plaintiff that it would give meaningful parole consideration after plaintiff served twenty years of his sentence or by investigating in detail the prospects of parole, that argument is obviously without merit. No such contract exists.

Relief on the complaint for mandamus is denied. Defendant may tax costs.