## *In re* PAROLE OF JOHNSON

Docket No. 203617. Submitted January 12, 1999, at Grand Rapids. Decided April 6, 1999, at 9:05 A.M.

Michael J. Johnson, an inmate serving a parolable life sentence, was interviewed by the Parole Board and received a notice indicating that the board had no interest in taking action toward his release. Johnson appealed by leave granted in the Berrien Circuit Court. The court, John N. Fields, J., decided that the appellant was ineligible for parole and that the "no action" notice was not an appealable decision by the board to deny him parole. The appellant appealed to the Court of Appeals by leave granted.

The Court of Appeals *held*:

Parole eligibility is governed by statute. MCL 791.234(6); MSA 28.2304(6) provides that a person serving a parolable life sentence shall be interviewed by a member of the Parole Board after completing ten years of the sentence and every five years thereafter. A prisoner does not become eligible for parole consideration upon being interviewed because such eligibility requires the satisfaction of several other requirements, such as a hearing and the lack of objection by the sentencing judge or the judge's successor. Release on parole ultimately rests on the discretion of the Parole Board, whose decision may be appealed in court only by leave.

In this case, the appellant, having had the interview but having not met the other requirements for parole eligibility, was not eligible for parole, and the no action notice he received was not a denial of parole that could be appealed.

Affirmed.

SENTENCES — PAROLABLE LIFE TERMS — PAROLE BOARD INTERVIEWS.

Notice by the Parole Board to a prisoner serving a parolable term of life imprisonment that the board, after one of its members interviewed the prisoner, has no interest in taking action toward the prisoner's release does not constitute a decision that is subject to judicial review; only grants or denials of parole to those who are eligible for parole are appealable in court; a "no action" notice by the Parole Board to a prisoner who has not met all the requirements for parole eligibility is not a decision to deny parole (MCL 791.234[6], [7]; MSA 28.2304[6], [7]).

*Jeanice Dagher-Margosian* for the appellant.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Charles C. Schettler, Jr.*, Assistant Attorney General, for the appellee.

Before: HOOD, P.J., and NEFF and MARKEY, JJ.

PER CURIAM. Appellant is an inmate who has been serving a parolable life sentence for second-degree murder, MCL 750.317; MSA 28.549, since 1980. See *People v Johnson*, 421 Mich 494; 364 NW2d 654 (1984). In 1996, after being interviewed by a member of the Parole Board, appellant received a letter indicating that a majority of the board had "no interest in taking action" toward his release and that he would be interviewed in the future as required by law. Upon appellant's appeal by leave, the circuit court found that appellant was ineligible for parole and that the "no action" letter was not an appealable decision denying him parole. Appellant now appeals to this Court by leave granted. We affirm.

Appellant argues that, because he was sentenced to a parolable life term, the trial court erred in finding that he was ineligible for parole. He also argues that the no action letter effectively denied him parole and that the trial court therefore erred in refusing to review the board's decision. We disagree.[1]

Parole eligibility is governed by statute. See MCL 791.234; MSA 28.2304. "[T]he interpretation and appli-

---

[1] In *Shields v Dep't of Corrections*, 128 Mich App 380, 382-384; 340 NW2d 95 (1983), a panel of this Court held that a no action notice was not appealable under the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* We do not rely on that case, however, because the panel based its holding on the fact that, when the no action letter was issued, the statute did not allow appeals. *Shields, supra* at 384.

cation of statutes is a question of law that is reviewed de novo." *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

It is arguably true that, in a general *colloquial* sense, persons sentenced to a term of years (except some drug offenders) and persons sentenced to parolable life terms are eligible for parole, while persons sentenced to life terms without parole are obviously ineligible. That, however, is not the question. Rather, it is clear that, for a person to be eligible for parole *within the meaning of the applicable statute*, several legal hurdles must be overcome. Subsections 1 through 6 concern minimum eligibility requirements for coming within the Parole Board's "jurisdiction." See MCL 791.234(1)-(6); MSA 28.2304(1)-(6). Subsections 1 through 5 apply only to persons serving indeterminate sentences and are therefore inapplicable to this case. See MCL 791.234(1)-(5); MSA 28.2304(1)-(5).

Subsection 6, on the other hand, provides that a person serving a parolable life sentence "is subject to the jurisdiction of the parole board" after serving either ten or fifteen years, depending on when the crime was committed, "subject to" certain enumerated "conditions." MCL 791.234(6); MSA 28.2304(6). This subsection, however, "simply means that a defendant will be eligible for review by the parole board" after serving ten or fifteen years, not that the defendant will be released. See *People v Legree*, 177 Mich App 134, 141; 441 NW2d 433 (1989); see also *People v Lino (After Remand)*, 213 Mich App 89, 96-97; 539 NW2d 545 (1995) (because of the many conditions imposed by the statute, persons sentenced to life in prison are rarely paroled after ten years), over-

ruled on other grounds by *People v Carson*, 220 Mich App 662, 673-674; 560 NW2d 657 (1996).

All prisoners covered by subsection 6 "shall" be interviewed by a member of the Parole Board after serving ten years, and every five years thereafter, without regard to sentencing date. MCL 791.234(6)(a); MSA 28.2304(6)(a). Thus, "inmates are interviewed although not eligible for parole consideration." *People v Hurst (After Remand)*, 169 Mich App 160, 164; 425 NW2d 752 (1988). The Parole Board then decides whether to "take action" toward paroling the prisoner.

However, even if the board votes to consider a prisoner for parole after the initial interview, the statute provides that "parole shall not be granted . . . until after a public hearing [is] held . . . ." MCL 791.234(6)(b); MSA 28.2304(6)(b).[2] Although a hearing is clearly required, this Court has held that the Parole Board cannot be compelled to hold one. *Middleton v Parole Bd (On Remand)*, 208 Mich App 563, 566-568; 528 NW2d 791 (1995).

Notice of the hearing must be given to the sentencing judge or the judge's successor. MCL 791.234(6)(b); MSA 28.2304(6)(b). The statute further provides that "parole shall not be granted if the sentencing judge, or the judge's successor in office, files [timely] written objections to the granting of the parole . . . ." MCL 791.234(6)(b); MSA 28.2304(6)(b).

"[A] prisoner's release on parole is *discretionary* with the parole board." See MCL 791.234(6)(d), (7); MSA 28.2304(6)(d), (7) (emphasis added); see also *In*

---

[2] This hearing must be "held in the manner prescribed for pardons and commutations" in MCL 791.244(2)(f) and (h); MSA 28.2314(2)(f) and (h), and MCL 791.245; MSA 28.2315.

*re Parole of Glover*, 226 Mich App 655, 664-665; 575 NW2d 772 (1997), lv gtd 458 Mich 866 (1998). The board's discretion is circumscribed by regulations issued by the Department of Corrections. See 1996 AACS, R 791.7701 *et seq.*

Finally, "[t]he action of the parole board in *granting or denying* parole is appealable by the prisoner, the prosecutor of the county from which the prisoner was committed, or the victim of the crime for which the prisoner was convicted." MCL 791.234(7); MSA 28.2304(7) (emphasis added). The board's decision is reviewed for abuse of discretion. *In re Parole of Roberts*, 232 Mich App 253, 257-258; 591 NW2d 259 (1998). Appeals are only by leave of court. MCL 791.234(7); MSA 28.2304(7).

We first agree with the trial court that, under the statute, a prisoner is not truly "eligible" for parole until each and every one of the statutory "conditions" has been met; otherwise, parole "shall not" be granted. See MCL 791.234(6); MSA 28.2304(6). We note that other panels of this Court have agreed with this proposition, albeit in dicta. See *Hurst, supra* at 164 ("[f]alling within the jurisdiction of the parole board does not translate into 'eligibility' unless all conditions are fulfilled"); see also *Carson, supra* at 666 (prisoner serving parolable life faces many "legal hurdles" before parole may be granted, including Parole Board interview, public hearing, and lack of objections). Thus, we agree with the trial court that appellant in this case never became "eligible" for parole within the meaning of the statute.

We are also convinced that only the Parole Board's ultimate decision to grant or deny parole is appealable. We note that the statute unequivocally forbids the

granting of parole to any prisoner who fails to overcome any of the statutory hurdles. See MCL 791.234(6); MSA 28.2304(6); see also *Hurst, supra* at 164. Until all the statutory conditions are met, the Parole Board lacks the discretion to parole a prisoner. An appeal from any such failure would be futile because the statute clearly predetermines the outcome: "parole shall not be granted" to any prisoner—such as plaintiff—who does not overcome the interview, hearing, and objection hurdles. See MCL 791.234(6); MSA 28.2304(6).[3]

We therefore conclude that the trial court correctly refused to review the Parole Board's decision to take no action in appellant's case.

Affirmed.

---

[3] Compare *Glover, supra* at 657-659, where an inmate was allowed—without discussion—to appeal the board's decision to "withdraw[] interest" in her parole application *after* conducting a hearing and apparently receiving no objections.