JACKSON v DEPARTMENT OF CORRECTIONS

Docket No. 220192. Submitted March 13, 2001, at Detroit. Decided September 7, 2001, at 9:05 A.M.

Michael Jackson, a state prison inmate serving a parolable life sentence for second-degree murder, filed a petition in the Ingham Circuit Court against the Department of Corrections, its director, and the Parole Board, seeking a writ of mandamus directing the Parole Board to prepare, consider, and follow parole guidelines, as provided in MCL 791.233e, for his interview by a member of the Parole Board, as provided in MCL 791.234(6). The court, William E. Collette, J., denied the petition. The petitioner appealed by leave granted.

The Court of Appeals *held*:

A review of MCL 791.233e makes it apparent that parole guidelines are required when the Parole Board is exercising its discretion concerning the release of prisoners on parole and are to be considered and used to assist the Parole Board in making release decisions. For a prisoner serving a parolable life sentence, the release decision occurs only after the prisoner has proceeded through the initial interview, avoided judicial veto, and advanced through a public hearing to the ultimate decision of the Parole Board, at which time the Parole Board either grants or denies parole.

In this case, the petitioner is not entitled to have parole guidelines prepared and used during his interview, where the Parole Board neither makes a release decision nor exercises its discretion to parole a prisoner.

Affirmed.

PAROLE — PAROLE GUIDELINES — PAROLABLE LIFE SENTENCES.

Parole guidelines need not be prepared for a prisoner serving a parolable life sentence until after the prisoner has been interviewed by a member of the Parole Board, has avoided judicial veto of parole, and has advanced through a public hearing regarding parole (MCL 791.233e[1], [5], 791.234[6]).

*Henry A. Crudder, III*, for the petitioner.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Charles C. Schettler, Jr.*, Assistant Attorney General, for the respondents.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and HOEKSTRA, JJ.

PER CURIAM. Petitioner Michael Jackson, who is serving a parolable life sentence for second-degree murder, MCL 750.317, appeals by leave granted the circuit court's denial of his petition for a writ of mandamus requesting the circuit court to enter an order directing the Parole Board to prepare, consider, and follow parole guidelines in his statutorily mandated interview, MCL 791.234(6)(a). We affirm.

Petitioner argues that he is entitled to a new "hearing"[1] because the parole guidelines of MCL 791.233e (§ 33e) are applicable to any prisoner, such as petitioner, who is eligible for parole consideration pursuant to MCL 791.234(6) (subsection 34[6]). According to petitioner, § 33e imposes an absolute duty on the Parole Board to prepare and consider guidelines at the time of interviewing prisoners for parole, including prisoners under consideration pursuant to subsection 34(6).

Parole eligibility is governed by statute and the interpretation and application of statutes is reviewed de novo. *In re Parole of Johnson*, 235 Mich App 21, 22-23; 596 NW2d 202 (1999), citing MCL 791.234 and *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). With regard to interpreting statutes, our

---

[1] In his petition for a writ of mandamus, petitioner states that a member of the Parole Board interviewed him for parole eligibility in 1993 and 1998, but in each instance the Parole Board determined that it had "no interest" in initiating further proceedings.

Supreme Court has explained that "the primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature." *Webb, supra* at 273-274. "As far as possible, effect should be given to every phrase, clause, and word in the statute." *Sun Valley Foods Co v Ward,* 460 Mich 230, 237; 596 NW2d 119 (1999). Judicial construction is not permitted where a statute is unambiguous. *Id.* at 236.

Here, in arguing that parole guidelines should have been prepared and considered during his statutorily mandated interview under subsection 34(6)(a), petitioner relies on the language of subsections 33e(1) and (5), which provide in relevant part:

> (1) The department shall develop parole guidelines that are consistent with section 33(1)(a) [MCL 791.233(1)(a)] and that shall govern the exercise of the parole board's discretion pursuant to sections 34 and 35 [MCL 791.234 and 791.235] as to the release of prisoners on parole under this act. The purpose of the parole guidelines shall be to assist the parole board in making release decisions that enhance the public safety.

> \*     \*     \*

> (5) The department shall promulgate rules . . . , which shall prescribe the parole guidelines. . . . Until the rules take effect, the director shall require that the parole guidelines be considered by the parole board in making release decisions. After the rules take effect, the director shall require that the parole board follow the parole guidelines.

Petitioner claims that because subsections 33e(1) and (5) direct that guidelines are to be considered and are to apply to prisoners under parole consideration pursuant to § 34, and because subsection 34(6) applies to him, parole guidelines should have been prepared for

him for use during his interview.[2] To the contrary, respondents argue that the Parole Board is not required to prepare parole guidelines for petitioner because "the decision not to advance [petitioner] to a public hearing is not a 'release decision.' " Further, respondents claim that the language of subsection 33e(1), using the conjunctive "and" when referring to "sections 34 and 35," means that the prisoner's parole consideration must be governed by both these sections, but petitioner's parole consideration is not because § 35 is in conflict with subsection 34(6).

We need not address the majority of the arguments made on appeal because a fundamental predicate has not been met in this case. In order for § 33e to apply, the Parole Board must be confronting a "release" decision. MCL 791.233e(1) and (5). Upon review of § 33e, it is apparent that parole guidelines are required when the Parole Board is exercising its discretion "as to the release of prisoners on parole" and are to be considered and used to assist the Parole Board "in making release decisions." MCL 791.233e(1) and (5). Clearly, the Legislature limits the time when parole guidelines are to be prepared and utilized to "release" decisions. For a prisoner serving a parolable life sentence, "the 'release decision' occurs only after the inmate serving a parolable life sentence has proceeded through the initial interview, avoided judicial veto, and advanced through a public hearing to the ultimate decision of the Parole Board, at which time the Parole Board either grants or denies parole." *Gilmore v Parole Bd*, 247 Mich App 205, 234; 635 NW2d

---

[2] Without extensive analysis specific to the parole process for prisoners serving parolable life sentences, petitioner simply concludes that parole guidelines are required to be prepared and utilized at the initial interview.

345 (2001). Moreover, "[u]ntil all the statutory conditions are met, the Parole Board lacks the discretion to parole a prisoner." *Johnson, supra* at 26. Accordingly, petitioner was not entitled to have parole guidelines prepared and used during the initial statutorily mandated interview, where the Parole Board neither makes a release decision nor exercises its discretion to parole a prisoner.

On the basis of the clear statutory language, we hold that parole guidelines need not be prepared for prisoners serving parolable life sentences until the Parole Board is faced with the decision whether to release the prisoner on parole. Under the statutory scheme for prisoners serving parolable life sentences, that decision is not confronted until after the prisoner has been interviewed, has avoided judicial veto, and has advanced through a public hearing. Petitioner is entitled to no relief.[3]

Affirmed.

---

[3] Because our holding does not recognize or confer any legal right to petitioner, it is unnecessary to discuss his remaining claims.