**Terry MCGRUDER, Petitioner–Appellant,**

v.

**Paul H. RENICO, Respondent–Appellee.**

No. 00–1023.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

This is an appeal from a judgment dismissing a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1983, a Michigan state court sentenced Terry McGruder to a ten to twenty year term of imprisonment for armed robbery and a two year term for felony firearm. On September 27, 1999, McGruder filed a § 2254 petition in federal court in which he challenged the constitutionality of this conviction as well as a 1996 decision to revoke McGruder's parole. The district court dismissed the petition as being out of time and granted McGruder a certificate of appealability on this question.

This court renders de novo review of a district court's determination that an action was filed outside of the applicable statutory limitations period. *See Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir.1999). A de novo examination of the appeal at bar reflects that a more detailed factual record is necessary to the resolution of the sole issue presented for appeal.

On September 27, 1999, the district court accepted for filing a § 2254 petition for a writ of habeas corpus filed by Michigan inmate Terry McGruder. McGruder raised two constitutional challenges to a 1983 conviction for armed robbery and felony firearm and two additional grounds for relief directed toward a 1996 parole revocation. The district court sua sponte concluded that McGruder's petition was out of time under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and dismissed the petition. McGruder then moved for a certifi-

cate of appealability in which he noted that his petition was within the one-year "grace period" of the AEDPA as he "had court proceedings dealing with the issues in petitioner's Writ of Habeas Corpus April 28, 1999." The district court granted a certificate of appealability in response, noting that the dismissal was now debatable among reasonable jurists owing to McGruder's claimed April 28, 1999, proceedings. On appeal, McGruder takes issue with the district court's decision in its entirety.

The record before the court does not provide an adequate basis for a decision on the merits of this appeal. A state prisoner claiming imprisonment in violation of the laws or Constitution of the United States has one year from the conclusion of his state appeal to file for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). In the case of a defendant whose state appeals concluded prior to the passage of the AEDPA, the Sixth Circuit has held that a one-year grace period applies, and that the statute of limitations expires one year from the passage of AEDPA, on April 24, 1997. *See, e.g., Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999), *cert. denied*, 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). Thus, in the absence of any tolling event set forth in § 2244(d), McGruder's September 1999 petition would be out of time. McGruder contends, however inartfully, that one of the tolling events of § 2244(d) did occur, namely, that he "had court proceedings dealing with the issues in petitioner's Writ of Habeas Corpus April 28, 1999." *See* 28 U.S.C. § 2244(d)(2) (one-year period tolled during the time in which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending). This claim is unsupported by any documentation showing the exact nature of the state post-

conviction or collateral proceeding and whether it was directed to the 1983 conviction or the 1996 parole revocation. The lack of this documentation, exacerbated by the absence of the Michigan Attorney General, means that a full appellate review of this case is not possible. A remand of this matter will enable the court to either resolve the immediate problem or to decide the petition on its merits.

Accordingly, all pending motions are denied and the district court's judgment is vacated and the cause is remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.