**Terry MCGRUDER, Petitioner–
Appellant,**

v.

**Paul H. RENICO, Respondent–
Appellee.**

**No. 01–2748.**

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2003.

Before NELSON and CLAY, Circuit
Judges;  and HAYNES, District Judge.*

*ORDER*

Terry McGruder, a Michigan prisoner, appeals the district court order denying his petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The case is before this court on the one claim as to which the district court granted a certificate of appealability: whether a retroactive change in the law governing McGruder's eligibility for parole violates the Ex Post Facto Clause. In 1983, a Michigan state court sentenced McGruder to ten to twenty years of imprisonment for armed robbery and two years for felony firearm. McGruder was paroled in 1995. His parole was revoked in July 1996 and he was given a twelve month "continuance" of incarceration before his next parole hearing. The Michigan Parole Board denied him parole a second time and gave him an eighteen-month continuance. In 1999, McGruder filed a § 2254 petition raising four claims. The district court dismissed the petition as untimely but granted McGruder a certificate of appealability because McGruder claimed he had a state court action pending as of April 28, 1999.

On appeal, this court vacated the district court's decision and remanded the case.

* The Honorable William J. Haynes.  Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

The panel held that, because of the lack of documentation showing the exact nature of McGruder's state post-conviction or collateral proceeding and whether it was directed to the 1983 conviction or the 1996 parole revocation, appellate review was not possible. *McGruder v. Renico,*3 Fed. Appx. 344 (6th Cir.2001) (unpublished). On remand, the district court held that McGruder's challenges to his 1983 conviction were barred by the statute of limitations and that his challenge to the revocation of his parole lacked merit. The court granted a certificate of appealability on his claim that the deferral of his parole hearing for eighteen months violated the Ex Post Facto Clause. This court denied McGruder a certificate of appealability on his other claims.

In his appeal, McGruder argues that the deferral of his parole hearing for eighteen months violated the Ex Post Facto Clause because the longest continuance allowed when he was sentenced was twelve months.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Harpster v. Ohio.* 128 F.3d 322, 326 (6th Cir.1997), *cert. denied,* 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998). Upon review, we conclude that the district court properly denied McGruder's claim. The Ex Post Facto Clause prohibits any law which increases the punishment for a crime, or which produces a significant risk of increasing the punishment for a crime beyond that prescribed when the crime was committed. *Garner v. Jones,* 529 U.S. 244, 255–56, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000); *California Dep't of Corr. v. Morales,* 514 U.S. 499, 504 and 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). The Ex Post Facto Clause does not. however, bar every legislative change which bears a conceivable risk of affecting punishment. *Morales,* 514 U.S. at 508, 115

S.Ct. 1597. A prisoner challenging a retroactive change must demonstrate that the change significantly increases the risk that the prisoner's own sentence will be lengthened. *Garner,* 529 U.S. at 255–56, 120 S.Ct. 1362.

The change in Michigan's parole procedures does not show a significant risk of increased punishment for prisoners generally. Under Michigan law, once a prisoner's parole is revoked the Parole Board may send the parolee back to prison for any term up to the original sentence imposed. Mich. Comp. Laws § 791.238(2); *Wayne County Prosecutor v. Dep't of Corr.,* 451 Mich. 569, 548 N.W.2d 900, 906 (1996). "A rescinding order also sets the length of time before the offender will again be eligible for parole. That period can range from one day to the maximum sentence imposed for the original offense, in the discretion of the board." *In re Wayne County Prosecutor,* 232 Mich.App. 482, 591 N.W.2d 359, 361 (1998) (citation omitted). According to McGruder, when he was sentenced in 1983 parole hearings could be continued for six, nine, or twelve months. The current policy directive calls for continuances of twelve, eighteen, or twenty-four months. Mich. Dept. of Corr. Policy Directive 06.05.104 III V. Because the Parole Board retains the discretion to set continuances at twelve-month intervals, the change in parole policy did not, on its face, significantly increase the risk of prisoners serving a longer time.

Nor has McGruder shown that the policy will significantly increase the risk that his own sentence will be lengthened. See *Garner,* 529 U.S. at 255, 120 S.Ct. 1362. The Parole Board cannot release a prisoner on parole without reasonable assurance that the prisoner will not become a menace to society. Mich. Comp. Laws § 791.233(1)(a). In deciding whether or not to release a prisoner on parole, the Parole Board considers, among other fac-

tors, the number and frequency of the prisoner's prior criminal convictions, his potential for committing further assaultive or property crimes, and parole failures. Mich. Admin. Rule 791.7715(2)(a); 791.7716(3)(b). McGruder's criminal history includes convictions for armed robbery, larceny, carrying concealed weapons, and felony firearm, and he violated his parole in 1995 McGruder has proved himself a poor candidate for parole, and it is his record, not the change in parole hearing frequency, that is likely to keep him in prison. The change From a twelve-month continuance to an eighteen-month continuance does not pose a significant risk of increased punishment for him.

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C). Rules of the Sixth Circuit.